501 So.2d 190 (1987)
STATE of Florida, Appellant/Cross-Appellee,
v.
James Delmar HUTCHESON, Appellee/Cross-Appellant.
No. 86-1027.
District Court of Appeal of Florida, Fifth District.
January 29, 1987.
*191 Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellant/cross-appellee.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellee/cross-appellant.
COBB, Judge.
The state timely appeals the sentence of seven years' incarceration given appellee, James D. Hutcheson, for the crime of entering contraband (marijuana) into a correction facility in violation of section 944.47, Florida Statutes (1985). The state contends that the trial court erred in utilizing a category (7) "Drugs" scoresheet instead of a category (9) "All Other Felony Offenses" scoresheet, thus resulting in a lower presumptive guideline sentence.
Two sentencing scoresheets were initially prepared on the matter. One looked at the offense as a category (7) offense, "Drugs," and gave a total score of 205 points, placing Hutcheson within the guideline range of seven to nine years' incarceration. The second scoresheet scored Hutcheson under category (9), "All Other Felony Offenses." This scoresheet gave Hutcheson a total score of 350 points and placed him in a guideline sentencing range of 15 to 22 years in prison. The lower court scored Hutcheson utilizing the category (7) scoresheet because the contraband involved in the present case was drugs, and sentenced Hutcheson to seven years' incarceration.
Florida Rule of Criminal Procedure 3.701(c) provides, in pertinent part:
Offenses have been grouped into nine (9) offense categories encompassing the following statutes:
* * * * * *
Category (7): Drugs: Chapter 893.
* * * * * *
Category (9): All Other Felony Offenses.
The actual forms for categories (7) and (9) contained in the 1985 version of the rules (which were in effect at the time of this sentencing) provide the headings "Category (7): Drugs," and "Category (9): All Other Felony Offenses." From the above it is apparent that category (7) offenses were only meant to include those offenses under Chapter 893, Florida Statutes. Thus, since the present felony was not contained in Chapter 893, it should properly have been scored on the category (9) scoresheet.[1]
As the lower court sentenced Hutcheson using an incorrect scoresheet, and since the utilization of the correct scoresheet would result in a higher sentencing guideline range, this case is remanded. On remand the trial court is instructed to sentence utilizing the category (9) scoresheet and either sentence within the guideline range or give appropriate reasons in writing to justify a departure from the guidelines.
REVERSED and REMANDED.
COWART, J., and DANIEL, C.W., Associate Judge, concur.
NOTES
[1] The recent amendment to Florida Rule of Criminal Procedure 3.988, effective July 1, 1986, is consistent with this position. This amendment adds to the title of the form for category (7) the words "Chapter 893."