556 So.2d 1231 (1990)
Kenneth POUKNER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-01011.
District Court of Appeal of Florida, Second District.
February 21, 1990.
*1232 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
The appellant, Kenneth Poukner, challenges his judgments and sentences for sexual battery and lewd, lascivious, or indecent assault upon a child. Although we only find merit in his contention that he was improperly sentenced, we find it necessary to briefly discuss his other two contentions.
First, Poukner contends that section 92.53, Florida Statutes (1985), is unconstitutional. However, that statute was specifically found constitutional in Glendening v. State, 536 So.2d 212, 217 (Fla. 1988). Alternatively, Poukner contends that the trial court erred in admitting the videotaped testimony of one of the child victims without making an individualized finding, as required by section 92.53, see Glendening, that there is a substantial likelihood that that victim would suffer at least moderate emotional or mental harm if she were required to testify in open court. The trial court did err in not making such an individualized finding. However, in this case that error is rendered harmless by Poukner's confession to the commission of the sexual battery. The confession provides overwhelming evidence of guilt and allows us to determine beyond a reasonable doubt that the error did not contribute to Poukner's conviction of that offense. See Jaggers v. State, 536 So.2d 321 (Fla.2d DCA 1988).
Second, Poukner contends that the trial court erred in admitting the hearsay statements of the child victims because he failed to make the specific findings required in section 90.803(23), Florida Statutes (1985). This issue was not preserved for our review as no objection was made when the trial court found the statements admissible.
Third, Poukner contends, and we and the state agree, that the trial court erred in not using a guidelines scoresheet in sentencing him for the noncapital offense of lewd and lascivious assault.
Accordingly, we affirm Poukner's convictions for lewd and lascivious assault and sexual battery and the sentence for sexual battery, but we reverse Poukner's sentence for lewd and lascivious assault and remand with directions to the trial court to resentence Poukner using a guidelines score-sheet.
FRANK, A.C.J., and PATTERSON, J., concur.