588 So.2d 1006 (1991)
Saud TARAWNEH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0616.
District Court of Appeal of Florida, Fourth District.
September 25, 1991.
Rehearing, Clarification and Certification Denied December 13, 1991.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a final order which partially denied a motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for resentencing with an appropriate sentencing scoresheet.
Appellant correctly notes that on the face of the Category 1 scoresheet, for murder and manslaughter, there is an exception for capital murder pursuant to section 782.04(1)(a), Florida Statutes (1989). Appellant was convicted of four inchoate offenses, solicitation to commit first degree murder and three counts of conspiracy to commit first degree murder. He looks to the committee notes to rule 3.701, Florida Rules of Criminal Procedure, which state the following:
(c) Only one category is proper in any particular case. Category 9, "All Other Felony Offenses," should be used only when the primary offense at conviction is not included in another, more specific category. The guidelines do not apply to capital felonies.
Inchoate offenses are included within the category of the offense attempted, solicited, or conspired to, as modified by Ch. 777... .
Appellant persuasively argues that while the Category 1 scoresheet would be appropriate for murder or manslaughter other than capital murder, its express exclusion of capital murder makes use of the scoresheet error. Since Category 1 was not applicable, and as his offenses do not fall under any other express category, the only remaining category applicable is Category 9, designated for "all other felony offenses." See Vance v. State, 565 So.2d 915 (Fla. 4th DCA), rev. dismissed, 574 So.2d 144 (Fla. 1990); Robertson v. State, 559 So.2d 352 (Fla. 1st DCA 1990); State v. Hutcheson, 501 So.2d 190 (Fla. 5th DCA 1987).
GLICKSTEIN, C.J., and DOWNEY and ANSTEAD, JJ., concur.