597 So.2d 833 (1992)
Howard ORR, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1176.
District Court of Appeal of Florida, Fifth District.
February 25, 1992.
On Motion for Rehearing April 3, 1992.
*834 James B. Gibson, Public Defender, and Paolo G. Annino, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIUM.
AFFIRMED.
GOSHORN, C.J., and W. SHARP and GRIFFIN, JJ., concur.

ON MOTION FOR REHEARING
W. SHARP, Judge.
We grant appellant's motion for rehearing for the purpose of noting conflict with the Fourth District Court of Appeal. Appellant was convicted of attempted first degree murder with a firearm and two other offenses. The attempted first degree murder was the primary offense on the sentencing guideline scoresheet. A category one scoresheet was prepared, which reflected a recommended range of 17-22 years. Appellant was sentenced to 17 years incarceration for the attempted first degree murder, with a three year mandatory minimum term.
Florida Rule of Criminal Procedure 3.988(a) states that homicide offenses under Chapter 782 should be scored as primary offenses under category one "except subsection 782.04(1)(a)  capital murder." Appellant argues that attempted first degree murder is a crime under section 782.04(1)(a) and section 777.04, Florida Statutes (1991), and should likewise be excluded from category one.
In Tarawneh v. State, 588 So.2d 1006 (Fla. 4th DCA 1991), Tarawneh was convicted of four inchoate offenses, solicitation to commit first degree murder and three counts of conspiracy to commit first degree murder. The fourth district noted that Florida Rule of Criminal Procedure 3.701(c) (Committee Note) states that inchoate offenses are included within the category of the "offense attempted, solicited, or conspired to, as modified by Chapter 777 ..." The fourth district held that since category one expressly excludes capital murder, the only remaining category that could be applicable for the related inchoate offenses is category nine, which is designated for "all other felony offenses."
We agree with the opinion in Hayles v. State, 596 So.2d 1236 (Fla. 1st DCA 1992), which rejects the analysis in Tarawneh. First degree murder is excluded from category one because the guidelines do not apply to capital felonies. See Fla.R.Crim.P. 3.701(c) (Committee Note). Since first degree murder cannot be scored as a primary offense under the guidelines, does that exclude the related inchoate offenses from the guidelines as well? We think not, since the inchoate offenses are *835 not capital felonies. Attempted first degree murder is a felony of the first degree, and in this case was enhanced to a life felony since appellant made the attempt with a firearm. See §§ 775.087(1)(a) and 777.04(4)(a), Fla. Stat. (1991). The category one scoresheet applicable to non-capital murders and attempted murders should be used when attempted first degree murder is scored as the primary offense. The trial court correctly used the category one scoresheet in determining appellant's presumptive sentencing range.
AFFIRMED.
GOSHORN, C.J., and GRIFFIN, J., concur.