596 So.2d 1236 (1992)
Lee Robertson HAYLES, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1014.
District Court of Appeal of Florida, First District.
April 13, 1992.
Nancy A. Daniels, Public Defender, Kathleen Stover, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Asst. Atty. Gen., for appellee.

ON MOTION FOR REHEARING OR TO CERTIFY CONFLICT
KAHN, Judge.
Appellant's Motion for Rehearing or to Certify Conflict is granted in part, the previous opinion of the court is withdrawn, and the following opinion is substituted therefor.
Appellant seeks review of his sentence for solicitation of first degree murder, contending that the sentence was incorrectly based on a category 1 scoresheet. We affirm, finding that a category 1 scoresheet was properly used to calculate appellant's sentence.
Appellant pled no contest to an information charging two counts of solicitation of first degree murder in violation of sections 777.04(2) and 782.04, Florida Statutes (1989). The trial court adjudged Hayles guilty and sentenced him to a term of 17 years imprisonment followed by 13 years probation. In deriving the sentence, the trial court utilized a category 1 scoresheet. Fla.R.Crim.P. 3.988(a). Appellant, relying upon Tarawneh v. State, 588 So.2d 1006 (Fla. 4th DCA 1991), urges error in the trial court's use of this scoresheet in determining a guidelines sentence.
Florida Rule of Criminal Procedure 3.701(c) requires the use of a category 1 scoresheet for the following offenses: "Murder, manslaughter: Chapter 782 [except subsection 782.04(1)(a)], and subsection 316.193(3)(c)3, and section 327.351(2)." Committee Note (c) to the rule provides: "The guidelines do not apply to capital felonies. Inchoate offenses are included within the category of the offense attempted, solicited, or conspired to, as modified by Ch. 777." In Tarawneh the Fourth District concluded that, given the text of the rule and the committee note, it was improper to use a category 1 scoresheet in sentencing a defendant convicted of solicitation to commit first degree murder. We must disagree with that conclusion.
In Tarawneh our sister court held that, under similar circumstances, the trial court should have used a category 9 scoresheet. Pursuant to Florida Rule of Criminal Procedure 3.701(c), category 9 is used for any felony offense not otherwise classified into a specific offense category. The Fourth *1237 District cited Committee Note (c), supra, as support for its conclusion that category 1 was not applicable. The note, however, on its face, seems to indicate that the guidelines would not apply at all to capital felonies. The Tarawneh court concluded, in light of the requirement that inchoate offenses are included within the category of the offense attempted, that solicitation to commit first degree murder would be excluded from category 1, since first degree murder is itself excluded from category 1. This analysis somewhat begs the question of how, if capital murder is excluded altogether from the guidelines, and therefore solicitation to commit capital murder is also excluded, the trial court can be required to sentence under a different category of the very guidelines from which the defendant's crime, according to Tarawneh, has been excluded.
The reason for excluding first degree murder (§ 782.04(1)(a), Florida Statutes (1989)) from the sentencing guidelines is apparent. The only available sentences upon conviction of first degree murder are death or life without possibility of parole for 25 years. § 775.082, Fla. Stat. (1989). It would thus make no sense to utilize a sentencing guideline in the instance of a capital felony. Hayles was not, however, convicted of a capital felony. One guilty of attempting or soliciting the commission of a capital felony is guilty of a felony of the first degree. § 777.04(4)(a), Fla. Stat. (1989). Accordingly, the trial court properly adjudicated Hayles guilty of two first degree felonies, each falling under the classification of offenses included in category 1 of the sentencing guidelines. Hayles' score of 165 resulted in a recommended range of sentencing under the guidelines of 12 to 17 years. The sentence in this case was, thus, appropriate.[1]
We hold that the trial court in the present case properly utilized a category 1 scoresheet in sentencing a defendant convicted of solicitation to commit first degree murder.[2]
WEBSTER, J., concurs.
ALLEN, J., dissents with written opinion.
ALLEN, Judge, dissenting.
Because I agree with the holding in Tarawneh v. State, 588 So.2d 1006 (Fla. 4th DCA 1991), that solicitation to commit first degree murder should be scored under offense category 9, I respectfully dissent from the majority's decision herein.
NOTES
[1] Accordingly, we certify conflict with the Fourth District.
[2] If the underlying premise of Tarawneh is correct, i.e. that solicitation to commit first degree murder is excluded from the guidelines, then the trial court in the present case, rather than being required to utilize category 9, would be entitled to give a nonguidelines sentence, up to the maximum penalty allowed by law, for two first degree felonies. The resulting sentence could clearly be harsher than the sentence contemplated by category 1 of the guidelines. We would suggest that such a result is not warranted for at least two reasons. First, the guidelines expressly exclude only capital felonies, and not attempt to commit or solicitation to commit a capital felony. The second and related reason is that the legislature has specifically decreed that the sentencing guidelines shall be applied to all felonies, except capital felonies, committed after the effective date of the guidelines. § 921.001, Fla. Stat. (1989). The legislature does know, however, how to exclude a particular crime, other than a capital felony, from the guidelines. See § 775.0825, Fla. Stat. (1989) (any person convicted of attempted murder of a law enforcement officer shall be required to serve no less than 25 years before becoming eligible for parole, and such sentence shall not be subject to the sentencing guidelines).