601 So.2d 613 (1992)
Herman ROTH, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1793.
District Court of Appeal of Florida, Third District.
June 23, 1992.
*614 Kent Wheeler, Coral Gables, for appellant.
Robert A. Butterworth, Atty. Gen., and Leslie Schreiber, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and COPE, JJ.
COPE, Judge.
Herman Roth appeals an order denying his motion to correct illegal sentence, filed pursuant to Fla.R.Crim.P. 3.800. We affirm.
Roth entered into a plea agreement with the State. He agreed to plead guilty to attempted first degree murder with a firearm, and one count of tampering with a witness. The agreed sentence was to be twelve years for attempted murder, and a five year concurrent sentence for the charge of witness tampering. The State agreed to drop other charges against Roth.
At sentencing a category 1 guidelines scoresheet was prepared. It reflected a recommended range of twelve to seventeen years. At the hearing regarding the plea, the trial court was informed of the particulars of the plea, and of the guidelines range.[1] Roth was sentenced in accordance with the plea agreement.
Roth filed a motion to correct illegal sentence under Rule 3.800. He contends that attempted murder must be scored under a category 9 scoresheet, rather than a category 1 scoresheet. The fourth district court of appeal has so held. See Tarawneh v. State, 588 So.2d 1006 (Fla. 4th DCA 1991), review denied, 598 So.2d 78 (Fla. Feb. 17, 1992). Contra Hayles v. State, 596 So.2d 1236 (Fla. 1st DCA 1992); Orr v. State, 17 F.L.W. D866 (Fla. 5th DCA Apr. 3, 1992). He argues that under the category 9 scoresheet, he would have had a recommended sentencing range of five and one-half to seven years. He contends that his sentence is illegal.
In response, the State first contends that Roth's appeal is procedurally barred. We disagree. See Viqueira v. Roth, 591 So.2d 1147 (Fla. 3d DCA 1992); Scalf v. Singletary, 589 So.2d 986 (Fla. 2d DCA 1991).
On the merits, we affirm. For purposes of this appeal we assume, but do not decide, that the use of an incorrect scoresheet would require that the defendant be permitted to withdraw his plea. Assuming that is so, Roth is not entitled to relief because, contrary to Roth's contention, the correct scoresheet was used.
In our view, the category 1 scoresheet is the correct scoresheet for attempted first degree murder, not category 9. The category 1 scoresheet is entitled "Category 1: Murder, Manslaughter." Fla. R.Crim.P. 3.988(a). The Committee Notes to Rule 3.701 state that "[i]nchoate offenses are included within the category of the offense attempted, solicited, or conspired to, as modified by Ch. 777." Fla. R.Crim.P. 3.701 Committee Note (c). Thus, attempted first degree murder would fall within the scope of the category 1 scoresheet, which by definition covers murder and manslaughter.
Roth argues, however, that the category 1 scoresheet is inapplicable. He reaches that conclusion because the category 1 scoresheet contains the notation "Chapter 782  Homicide (except subsection 782.04(1)(a)  Capital Murder)." Fla.R.Crim.P. 3.988(a). Roth argues, in accordance with the Tarawneh decision, that the exclusion of capital murder from the category 1 scoresheet means that attempted capital murder cannot be scored on the category 1 scoresheet, but must instead be scored on the category 9 scoresheet, "All Other Felony Offenses." Fla.R.Crim.P. 3.988(i).
The exclusion for capital murder is noted on the category 1 scoresheet because "[t]he guidelines do not apply to capital felonies." Fla.R.Crim.P. 3.701 Committee Note (c). The capital felony exclusion signifies only that no scoresheet should be prepared for such an offense, because the offense cannot be scored. By contrast, inchoate offenses  including attempted *615 first degree murder  are covered by the guidelines and a guidelines scoresheet is to be prepared for sentencing purposes.
We conclude that the category 1 scoresheet exception for subsection 782.04(1)(a) is intended to exclude that offense only, because it is unscorable. All scorable offenses in chapter 782, including attempted first degree murder, are to be scored on a category 1 scoresheet. Cf. Fla.R.Crim.P. 3.701 Committee Note (c) ("Only one category is proper in any particular case. Category 9, `All Other Felony Offenses,' should be used only when the primary offense at conviction is not included in another, more specific category.").
In so ruling we agree with Hayles and Orr, and certify direct conflict with Tarawneh v. State.
Affirmed; conflict certified.
NOTES
[1] Defense counsel indicated that the range was twelve to thirty years, which may be a transcription error. The 12-17 year range is reflected on the actual scoresheet.