COPE, Judge.
Douglas Hamilton appeals an order denying his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800. He asserts that his conviction of attempted first degree murder should have been scored on a Category 9 scoresheet instead of a Category 1 score-sheet. We affirm on authority of Roth v. State, 601 So.2d 613 (Fla. 3d DCA 1992). As was done in Roth, we certify direct conflict with Tarawneh v. State, 588 So.2d 1006 (Fla. 4th DCA 1991), review denied, 598 So.2d 78 (Fla.1992).
We agree with defendant that the offense categories for sentencing guideline purposes are those specifically enumerated within Rule 3.701(c), Florida Rules of Criminal Procedure. The Rule defines Category 1 as: “Murder, manslaughter: Chapter 782 (except subsection 782.04(l)(a)), and subsection 316.193(3)(c)(3), and section 327.-351(2).” Fla.R.Crim.P. 3.701(c). Those definitional categories are repeated on the guidelines scoresheet. Fla.R.Crim.P. 3.988(a).
The question, however, is how to interpret the phrase, “(except subsection 782.-04(l)(a))”, as used in Rule 3.701(c). The purpose of that phrase is not to shift first degree murder from Category 1 to Catego *607 ry 9; instead that phrase signifies that first degree murder is not to be scored at all. Roth. This court held in Roth that the intent of the rule is to exclude the unscorable offense only, and to retain all scorable chapter 782 offenses, including attempted first degree murder, in Category 1.
Affirmed; conflict certified.