608 So.2d 13 (1992)
Lee Robertson HAYLES, Petitioner,
v.
STATE of Florida, Respondent.
No. 79743.
Supreme Court of Florida.
October 1, 1992.
Rehearing Denied December 10, 1992.
*14 Nancy A. Daniels, Public Defender and Kathleen Stover, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and James W. Rogers, Sr. Asst. Atty. Gen., Tallahassee, for respondent.
KOGAN, Justice.
We have for review Hayles v. State, 596 So.2d 1236 (Fla. 1st DCA 1992), which certified conflict with Tarawneh v. State, 588 So.2d 1006 (Fla. 4th DCA 1991). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Lee Robertson Hayles was convicted and sentenced for solicitation of first-degree murder in violation of section 777.04(2), Florida Statutes (1989). The trial court used a category 1 scoresheet under Florida's sentencing guidelines, resulting in a sentence of seventeen years' imprisonment followed by thirteen years' probation. The district court affirmed, but noted that Tarawneh had held that a category 9 scoresheet should be used in such situations.
The guidelines provide that a category 1 scoresheet must be used in all cases of murder or manslaughter except first degree murder and alcohol-related manslaughter charges. Fla.R.Crim.P. 3.701(c). A category 9 scoresheet is used for any felony not placed in any other category. Id. Inchoate offenses are included within the category of the offense attempted, solicited, or conspired to. Id. (committee note).
The offense actually committed here was a violation of Florida's inchoate offense statute, because Hayles solicited a first-degree murder. We thus do not consider it dispositive that the guidelines expressly exclude first-degree murder from category 1. There is an obvious purpose underlying the exclusion. Under Florida law, the only possible penalties for first-degree murder are death and life imprisonment. Applying the guidelines to this context would serve no purpose.
The same is not true in the present case. Here, Hayles committed a solicitation in violation of section 777.04(2), Florida Statutes. Strictly speaking, he committed no offense under section 782.04(1)(a). His penalty could be less than life imprisonment, and the guidelines thus serve a function here. Because section 777.04(2) is not excluded from category 1, a solicitation falls under category 1 whenever the object is to commit a murder or manslaughter of any kind. The solicitation was intended to effectuate a murder here, and so Hayles falls under category 1 of the guidelines.
The result reached below is approved. We disapprove Tarawneh to the extent it is inconsistent with our views here.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.