610 So.2d 105 (1992)
Clifford JONES, Sr., Appellant,
v.
The STATE of Florida, Appellee.
No. 91-3023.
District Court of Appeal of Florida, Third District.
December 22, 1992.
Bennett H. Brummer, Public Defender, and Deborah K. Brueckheimer, Special Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard S. Fechter, Asst. Atty. Gen., for appellee.
Before BASKIN, COPE and GERSTEN, JJ.
COPE, Judge.
Clifford Jones, Sr., appeals his conviction for two counts of aggravated child abuse and one count of battery. We affirm.
First, contrary to Jones' assertion, we conclude that there was sufficient evidence to submit to the jury on the child abuse counts. See State v. Law, 559 So.2d 187 (Fla. 1989).
Second, the trial court conducted an evidentiary hearing regarding the admissibility of the child victim's hearsay statements pursuant to subsection 90.803(23), Florida Statutes (1989). The trial court made findings of reliability and unavailability. These were that:
the content and circumstances ... provide sufficient safeguards of reliability to be admissible.
I further find that J.P. is unavailable and that if he were to testify a substantial likelihood of severe emotional mental harm would result. Therefore, I am going to allow this detective to testify as to any hearsay statements made by J.P.
Jones argues that the findings should have been made in more detail. That point is not preserved for appellate review, because no contemporaneous objection was made to *106 the sufficiency of the trial court's findings. Stone v. State, 547 So.2d 657, 658 (Fla. 2d DCA 1989); see also Myles v. State, 582 So.2d 71, 72-73 (Fla. 3d DCA 1991), quashed on other grounds, 602 So.2d 1278 (Fla. 1992); Sanders v. State, 568 So.2d 1014, 1014-15 (Fla. 3d DCA 1990), review denied, 581 So.2d 166 (Fla. 1991); Poukner v. State, 556 So.2d 1231, 1232 (Fla. 2d DCA 1990); Freeman v. State, 545 So.2d 915, 916-17 (Fla. 2d DCA), review denied, 548 So.2d 662 (Fla. 1989). We therefore need not reach the merits of the claim that the findings should have been made with greater particularity.
Third, we find no error in the trial court's decision to send to the jury (in response to a request from the jury) various letters from defendant to his wife which had been previously entered into evidence without objection. Although largely discussing other matters, the letters contained passing references to the fact that the defendant had previously used drugs and had ceased doing so. Since the wife had testified that the defendant was under the influence of drugs during one of the offenses charged in the information, and since the wife's credibility was attacked at trial,[1] the defendant's admissions in the letters regarding past drug use were relevant to corroborate the wife's testimony.
Fourth, the State confesses error with regard to the imposition of a departure sentence in this case. See Wilson v. State, 567 So.2d 425 (Fla. 1990). The defendant must be resentenced within the guidelines.
Fifth, there is a dispute between the parties as to the applicable guidelines scoresheet. The parties agree that the defendant's primary offense at conviction was aggravated child abuse pursuant to section 827.03, Florida Statutes (1989). The defense contends that aggravated child abuse is properly classified as a violent personal crime, and therefore is governed by Category 4: Violent Personal Crimes. Fla.R.Crim.P. 3.988(d). The State argues that aggravated child abuse is not covered by Category 4, and therefore the relevant scoresheet is Category 9: All Other Felony Offenses. Fla.R.Crim.P. 3.988(i).
We conclude that the correct scoresheet is Category 9, as the State contends. The sentencing guidelines state that "[o]ffenses have been grouped into offense categories encompassing the following statutes ... ." Fla.R.Crim.P. 3.701(c) (emphasis added). The full definition of Category 4 is "Violent Personal Crimes: Chapters 784 and 836 and section 843.01 and subsection 381.411(4)." Fla.R.Crim.P. 3.701(c).[2] Only the specifically enumerated offenses are included within Category 4.[3]See State v. Hutcheson, 501 So.2d 190, 191 (Fla. 5th DCA 1987). Although aggravated child abuse might well be considered to be a violent personal crime in a generic sense, it has not been enumerated within the Category 4 group. That being so, the Category 4 scoresheet is inapplicable and the Category 9 scoresheet, "All Other Felony Offenses," is the correct one. Mohammed v. State, 561 So.2d 384, 388 (Fla. 1st DCA 1990).
The defense argues that a Category 4 scoresheet is required by Puffinberger v. State, 581 So.2d 897 (Fla. 1991). We disagree. The defendant in Puffinberger was convicted of aggravated child abuse, and the opinion reveals, in passing, that a Category 4 scoresheet was used for defendant's aggravated child abuse conviction.[4] The substantive issue in Puffinberger, however, was whether nonscoreable juvenile offenses could be relied on as a basis for a departure sentence. The case involved no *107 issue regarding the correct choice of scoresheet. We do not perceive Puffinberger as having considered, much less decided, the latter issue.
Convictions affirmed; sentences reversed and remanded for sentencing within the guidelines.[5]
NOTES
[1] The wife was originally charged as a codefendant in the case and subsequently agreed to testify against her husband.
[2] Those classifications are repeated on the Category 4 scoresheet itself. See Fla.R.Crim.P. 3.988(d).
[3] For the treatment of inchoate offenses see committee note (c) to Rule 3.701, Fla.R.Crim.P.; Hayles v. State, 608 So.2d 13 (Fla. 1992); Roth v. State, 601 So.2d 613 (Fla. 3d DCA 1992).
[4] That is so because the opinion's discussion of the scoresheet issues in the case refers to Florida Rule of Criminal Procedure 3.988(d). Rule 3.988(d) is the citation for the Category 4 scoresheet. See Puffinberger v. State, 581 So.2d at 899, 900.
[5] Defendant's remaining point is without merit.