565 So.2d 315 (1990)
William LEGGETT, Petitioner,
v.
STATE of Florida, Respondent.
No. 74856.
Supreme Court of Florida.
July 5, 1990.
*316 Barbara M. Linthicum, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Bureau Chief, Asst. Atty. Gen., Tallahassee, for respondent.
GRIMES, Justice.
We review Leggett v. State, 548 So.2d 249 (Fla. 1st DCA 1989), because of conflict with Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
A Duval County jury convicted Leggett of one count of aggravated child abuse in the beating of his seven-year-old nephew. The child was permitted to give videotaped testimony rather than personally appearing in court, pursuant to section 92.53, Florida Statutes (1987). Leggett challenged the child's testimony on appeal. The First District Court of Appeal affirmed the conviction.
Section 92.53 reads in pertinent part:
(1) On motion and hearing in camera and a finding that there is a substantial likelihood that a victim or witness who is under the age of 16 would suffer at least moderate emotional or mental harm if he were required to testify in open court or that such victim or witness is otherwise unavailable as defined in s. 90.804(1), the trial court may order the videotaping of the testimony of the victim or witness in a sexual abuse case or child abuse case, whether civil or criminal in nature, which videotaped testimony is to be utilized at trial in lieu of trial testimony in open court.
... .
(7) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this section.
In Glendening v. State, 536 So.2d 212, 217 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989), this Court upheld the videotaping of a child's testimony pursuant to section 93.53 in lieu of the child's personal appearance at the trial. We ruled that the confrontation clauses of the state and federal constitutions were satisfied by permitting the defendant to view the child through a two-way mirror as she testified. The same procedure was employed in the instant case.
There are two principal issues: (1) whether the evidence was sufficient to permit the videotaping, and (2) whether the trial judge followed the dictates of the statute in authorizing the procedure.
We first address the sufficiency of the evidence. There is no question of the competency of the single witness who testified. She was a licensed, well-trained, and *317 experienced clinical social worker who had counseled the child at weekly intervals for more than a year. Leggett argues, however, that this witness did not make a specific declaration that the child would suffer any harm. This is not strictly so. The witness was asked about the child's ability to confront the defendant, his uncle, and after an objection the following testimony was adduced:
A. At this point in time having seen the child approximately weekly, he is terrified of facing his uncle. When a child is alleging that they have been abused and they are a child victim, the most terrifying thing and the most traumatic thing they ever have to do is face their offender face to face. Eventually, I would hope that would be possible, but at this point in time it would be damaging to him emotionally to have to do that and I think it would make a behavior change, it would put back his school work, academically, mentally. It just would not be good at this point.

Q. Okay. And basically if you can tell us, on what do you base those conclusions that it would be harmful for him to confront his uncle at this time?

A. Basically on what the child tells me as well as his performance in school, his behavior, emotionally, and his home placement.
... .
Q. Okay. Is it your opinion, then, that to have him come into open court and testify in the presence of his uncle would be harmful to him mentally or emotionally.

A. Yes, it is my opinion.
(Emphasis supplied.)
Focusing on the first portion of the testimony, Leggett suggests that the witness was only saying it is generally damaging to child abuse victims to testify in front of the accused. It is apparent from the emphasized portions, however, that the witness then began speaking of this child specifically, saying that it would be harmful mentally for him to testify in his uncle's presence. Furthermore, while the witness never directly tracked the statutory language that the harm would be "at least moderate," she did set out areas in which the child would suffer harm: a behavior change and diminished school work. We cannot say that there was insufficient evidence from which the judge could have concluded that the child would suffer at least moderate emotional or mental harm. We caution, however, that mere discomfort or even fright, without more, does not meet the statutory criterion.
Turning to the second question, we note that after hearing the testimony, the judge made only the following statement:
THE COURT: All right. I'm satisfied from the testimony that it would be in the best interest of everyone and wouldn't diminish your client's rights in any way if this child's testimony is videotaped with your client being present. We'll do that today, I believe at 11 o'clock.
Clearly, the foregoing commentary failed to comply with the requirements of the statute. There was no finding that there was a substantial likelihood that the child would suffer at least moderate psychological or mental harm, as required by subsection 92.53(1). Further, there was a failure to comply with subsection 92.53(7) by making specific findings of fact on the record with respect to the nature of the ruling.
This is more than just a technical error. In Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), the United States Supreme Court struck down a statutory procedure which authorized a child abuse witness to testify behind a screen because there was no individualized finding that the particular witness needed special protection. We upheld the videotaping in Glendening because there was a case-specific finding of necessity. By requiring specific findings, the statute ensures that the judge has made an individualized determination employing the proper standard.[*] *318 It may be that the judge's failure to pronounce the "magic words" called for by subsection 92.53(1) could be excused if it were clear that the judge had employed the proper standard. See Peterson v. State, 382 So.2d 701 (Fla. 1980). However, if we were to look behind the judge's words and predicate our decision solely upon the sufficiency of the evidence, we would not only be ignoring the clear and unequivocal directive of subsection 92.53(7), but also we would be construing the statute in a manner that could render it unconstitutional under Coy.
In Jaggers, the judge authorized the videotaping of a child's testimony by stating that his decision was based on the testimony of the guardian ad litem. In reversing the conviction, the court of appeal held:
Although there is no constitutional infirmity with the procedures outlined under section 92.53, those procedures were not properly followed in this case. A review of the record reflects that the trial court did not make the required findings of fact under section 92.53(7) necessary to support its determination that the two child witnesses, whose testimonies were video taped, would suffer at least moderate emotional or mental harm if they were required to testify in open court. Such a case-specific finding mandated by section 92.53 is precisely what renders that statute constitutional, because the statute is closely tailored to protect the child victim only in those particular circumstances were [sic] it is deemed necessary.
536 So.2d at 329.
The court below sought to distinguish Jaggers by saying that the Second District Court of Appeal was more concerned about the quality of the testimony in that case than it was about the nature of the judge's ruling. However, we read Jaggers to mean that the judge's failure to make the requisite findings was an independent ground for reversal.
We quash the decision below, approve Jaggers as it relates to the point before us, and remand this case for further proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT and KOGAN, JJ., concur.
NOTES
[*] See Maryland v. Craig, ___ U.S. ___, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990) (case-specific finding of necessity required to permit child witness to testify by one-way closed circuit television in child abuse case).