568 So.2d 1014 (1990)
Russell SANDERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1580.
District Court of Appeal of Florida, Third District.
November 6, 1990.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and FERGUSON, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant challenges his five-count conviction for lewd and lascivious assault and sexual battery on his six-year-old daughter. Three points are asserted as error: (1) the trial court failed to make the specific findings on the record, required by section 92.54(5), Florida Statutes (1989), as a predicate for allowing the minor victim to testify before a jury via closed circuit television, (2) the defendant's motion for judgment of acquittal on count III of the five-count information should have been granted where the State, admittedly, failed to introduce evidence to support a conviction on that count, and (3) the defendant's abuse of his position of family trust in assaulting the child should not have been the basis for an upward departure from the sentencing guidelines.
After hearing the testimony of a treating physician who was a licensed and experienced clinical psychologist, the trial judge, in obvious reliance on that expert testimony, permitted the child to testify via television. In support of his ruling the judge stated, on the record:
As to the second argument, the use of closed circuit television in proceedings involving sexual offenses against victims under the age of 16, Florida Statute 92.54(1), I'm going to order the use of the closed circuit television to enable the victim to testify outside the presence of her father because I find specifically that there is a substantial likelihood that the child will suffer at least moderate emotional or mental harm [if] require[d] ... to testify in open court... .
We need not decide whether the trial court's on-the-record findings contained the specificity required by section 92.54(5), in that neither the physician's fact-specific *1015 testimony to that effect, which the court adopted, nor the trial judge's findings were contemporaneously challenged for competency or sufficiency.
Similarly, in Stone v. State, 547 So.2d 657, 660 (Fla. 2d DCA 1989), no reversible error was found in the trial court's failure to make specific findings of fact as statutorily required where the evidence was sufficient as a basis for the ruling, and defense counsel did not object to the sufficiency of the trial court's findings. The court noted further that since the issue was not one of fundamental error, it would not be considered for the first time on appeal. Leggett v. State, 565 So.2d 315 (Fla. 1990), which involved the sufficiency of the court's findings for a child's testimony by video taping, is distinguishable. There the defendant made a specific and timely challenge to both the sufficiency of the expert witness's testimony as well as to the court's on-the-record findings.[1]
In an oral motion for judgment of acquittal on count III of the information, made at the conclusion of the State's case, the defendant argued that he was not living in the home with the victim and her mother, where the assault allegedly occurred, on the dates set forth in the information. The State concedes that the evidence did not prove an offense in the time frame described in count III, but that if the motion for judgment of acquittal had been more specific it would have requested permission to reopen the case to present the missing evidence. Having reviewed the record, we are satisfied that the motion for judgment of acquittal as to count III was sufficiently specific and that the motion for judgment of acquittal should have been granted. This case is unlike Johnson v. State, 478 So.2d 885 (Fla. 3d DCA 1985), cause dismissed, 488 So.2d 830 (Fla. 1986), relied upon by the State, where the defendant made a nonspecific "boilerplate" motion followed by a tracking of each statutory element of the sexual battery offense.
After the release of our original opinion, the Florida supreme court decided the question we certified, holding the fact that a defendant was in a position of familial authority in committing a sexual battery upon a child is not a valid reason for a guideline sentence departure. Wilson v. State, 567 So.2d 425 (Fla. 1990). In accordance with Wilson, the guideline departure sentence must be reversed.
We affirm the convictions and sentences on counts I, II, IV and V of the information, reverse the conviction and sentence on count III, reverse the guideline departure sentence, and remand for resentencing.
NOTES
[1] In Leggett, the court held that the testimony of the expert witness was sufficient to conclude that a child abuse victim should testify via video tape but reversed because of insufficient on-the-record findings by the trial court.