582 So.2d 71 (1991)
George MYLES, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-961.
District Court of Appeal of Florida, Third District.
June 18, 1991.
*72 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Anita J. Gay, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GERSTEN, JJ.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
GERSTEN, Judge.
On appellant's motion for rehearing and/or clarification, we withdraw the opinion filed April 9, 1991, and substitute the following opinion in its stead. Appellant, George Lee Myles, appeals his conviction and sentence for multiple counts of sexual battery. We affirm.
Appellant contends that the trial court erred: (1) by denying appellant's request to represent himself; (2) by admitting hearsay statements of a child victim, without the requisite findings of reliability; (3) by limiting appellant's access to his attorney during the closed circuit television testimony of the victim; and (4) by allowing one witness to comment on the credibility of another witness.

PRETRIAL HEARINGS
Prior to trial, the court considered various motions by appellant: to dismiss three successive lawyers appointed to represent appellant; to allow appellant to represent himself; or, in the alternative, to allow appellant to act as co-counsel. The judge determining that appellant was not capable of representing himself, made appellant cocounsel with his attorney.
After granting a mistrial, the court revisited the issue of appellant representing himself, and saliently inquired of appellant:

The Court: You think you could get along without a lawyer?

Appellant: Not by myself, no, I couldn't.
Appellant's first issue presents no error. Even if a defendant requests to represent himself, the right of self-representation may be waived through subsequent conduct indicating that he is vacillating on the issue, or has abandoned his request altogether. Brown v. Wainright, 665 F.2d 607 (5th Cir.1982); Johnson v. State, 427 So.2d 1103 (Fla. 3d DCA 1983).
The trial court also heard testimony on the State's notice to rely on statements made by a child victim pursuant to Section 90.803(23), Florida Statutes (1989). This statute allows a child victim's hearsay statement of sexual abuse. However, the court must find that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. Perez v. State, 536 So.2d 206 (Fla. 1988), cert. denied, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989).
In order to arrive at a finding of reliability, the court should take into account: the mental and physical age and maturity of the child; the nature and duration of the abuse; the relationship of the child to the offender; and the reliability of the child and the child's assertion. Perez v. State, 536 So.2d at 206.
Here, the court heard testimony from Miss Stone, the victim's teacher, who detailed the nature and circumstances surrounding the victim's statements. Based upon the teacher's testimony, the court found:

The Court: Court finds that as to Miss Stone, the circumstances surrounding it, the age, the nature and duration of abuse and reliability of Miss Stone is accurate. There was no basis for her not to be accurate. Court is going to allow the testimony of Miss Stone as hearsay.
Again, we find no error. Simply stated, the State met the statutory requirement of notice, and the trial court met the statutory *73 requirement by making findings of reliability.
Additionally, no contemporaneous objection was made regarding the trial court's findings. Accordingly, "we need not decide whether the trial court's findings contained the specificity required." Sanders v. State, 568 So.2d 1014 (Fla. 3d DCA 1990).

TRIAL
At trial, the child victim testified through closed circuit television from the judge's chambers where the judge, prosecutor, defense attorney and court reporter were present. Meanwhile, appellant, bailiff, and the jury viewed the closed circuit testimony from the courtroom. The trial court advised appellant that, during the child's testimony, he could communicate with his attorney by writing his communication and having the bailiff deliver it to his lawyer. The following discussion took place:

The Court: I'm giving him the right to communicate with his attorney by telling the bailiff, and let him tell you immediately whatever he says.
I can't imagine that five seconds is going, or ten seconds is going to cause any problem. And, if it did it would be enough for a mistrial anyhow, if it was that serious of a matter.

Defense Counsel: All right, Judge.
During the entire closed circuit direct examination testimony, appellant did not request to communicate with his lawyer. Further, appellant was given an opportunity to communicate with his lawyer before his lawyer cross examined the child victim.
We find no error in appellant's third contention. The trial court neither violated the express language nor principles of Section 92.54(4), Florida Statutes (1989). The statute provides:
During the child's testimony by closed circuit television, the court may require the defendant to view the testimony from the courtroom. In such a case, the court shall permit the defendant to observe and hear the testimony of the child, but shall ensure that the child cannot hear or see the defendant. The judge and defendant and the persons in the room where the child is testifying may communicate by any appropriate electronic method.
Contrary to appellant's suggestion, the statute does not mandate electronic communication. Rather, the statute suggests, by the use of the term "may," that there may be other appropriate means of attorney/client communication. See, e.g., Glendening v. State, 536 So.2d 212 (Fla. 1988), cert. denied, 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989). Here, rather than allowing communication through the statutorily suggested electronic means, the trial court used a more mundane method, writing.
We turn to appellant's last alleged error. The prosecutor endeavored to have the victim's social worker comment on the victim's veracity. After several objections to questions on the victim's veracity, the prosecutor finally obtained the following statement:

Prosecutor: Are you familiar with [the victim] ever telling you any lies?

Answer: No, I am not.
No objection was made after this question and answer, and therefore, the issue was not preserved for review. See Castor v. State, 365 So.2d 701 (Fla. 1978).
In addition to the failure to preserve the issue, we find that any error which resulted from the question and answer was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
The goal of a trial court is to conduct a fair and impartial trial. To accomplish that goal, the trial court does not need omniscient vision, but rather, a reasonable application of the law. Here, the trial court did apply the law in a reasonable fashion, and, therefore, we find no error.
Affirmed.