582 So.2d 110 (1991)
Tony JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-28.
District Court of Appeal of Florida, Third District.
July 2, 1991.
Rehearing Denied August 1, 1991.
Black & Furci and Marisa Tinkler Mendez, Miami, for appellant.
*111 Robert A. Butterworth, Atty. Gen. and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before FERGUSON, JORGENSON and GERSTEN, JJ.
PER CURIAM.
Appellant, Tony Jones, was convicted of six counts of sexual battery on his minor daughter in violation of section 794.011(2), Florida Statutes (1989). His main contentions as grounds for reversal are that he was denied a fair trial owing to (1) the trial judge's repeated, demeaning comments about his attorney's handling of the defense in the presence of the jury, and (2) the admission of hearsay testimony.
First, in order to preserve for appellate review alleged improprieties of a trial judge, an objection must be made contemporaneously with the prejudicial conduct or comments. Herzog v. State, 439 So.2d 1372 (Fla. 1983); Williams v. State, 305 So.2d 45 (Fla. 1st DCA 1974); Mack v. State, 270 So.2d 382 (Fla. 3d DCA 1972). An examination of the record supports the State's contention that the defendant did not make a contemporaneous objection to the alleged misconduct by the court sufficient to preserve the issue for appellate review. More importantly, the evidence against the defendant, in the form of an admission that he had repeatedly molested his seven-year-old daughter, and the substantial physical evidence of internal injuries to the child, establish beyond a reasonable doubt that the trial judge's statements, considered collectively, did not influence the outcome of the trial. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Second, the hearsay evidence used to corroborate the in-court testimony of the child-victim of sexual abuse was properly admitted. Pursuant to section 90.803(23), Florida Statutes (1989), the trial court conducted a side-bar hearing where it determined that the time, content, and circumstances of the hearsay statements established their trustworthiness. Because the defendant has not demonstrated that the trial court abused its discretion, the court's findings that the statements bear sufficient indicia of reliability will be upheld. Perez v. State, 536 So.2d 206 (Fla. 1988), cert. denied, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989). Again, the record reflects that the defendant did not make a contemporaneous objection to the court's findings sufficient to preserve the alleged error for appellate review. See Myles v. State, 582 So.2d 71 (Fla. 3d DCA 1991).
For the aforementioned reasons, and because we find no merit in the defendant's remaining issues on appeal, the convictions and sentences are affirmed.