608 So.2d 33 (1992)
John Harvey HOPKINS, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 91-590.
District Court of Appeal of Florida, First District.
July 23, 1992.
Dissenting Opinion August 24, 1992.
Rehearing Denied August 25, 1992.
*34 Ronald W. Johnson, Kinsey, Troxel, Johnson & Walborsky, P.A., Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
Dissenting Opinion of Judge Zehmer August 24, 1992.
ALLEN, Judge.
Following a jury trial, the appellant was adjudicated guilty of three counts of sexual battery upon a child less than 12 years old and one count of handling or fondling the same child in a lewd and lascivious manner. Raising numerous issues, he appeals his conviction and sentences for these offenses. We conclude that the appellant failed to preserve his arguments concerning the child victim's testimony via closed circuit television and the court's admission of her out-of-court statements. We reject the appellant's other claims of error because we find them to be lacking in merit, not preserved for review or merely harmless. We affirm the appellant's conviction and sentences and certify a question to the supreme court.
Section 92.54, Florida Statutes (1989), permits a trial judge to order that the testimony of a child victim or witness to a sexual offense be taken outside of the courtroom and shown to the jury by means of closed circuit television. Such an order is permissible only upon motion and after an in camera hearing has persuaded the judge that "there is a substantial likelihood that the child will suffer at least moderate emotional or mental harm if required to testify in open court or that such victim or witness is unavailable as defined in section 90.804(1)." § 92.54(1), Fla. Stat. Section 92.54(5) requires the judge to detail the *35 reasons for his ruling with these words: "The court shall make specific findings of fact, on the record, as to the basis for its ruling under this section."
Pursuant to section 92.54, the prosecutor sought to present the trial testimony of the alleged child victim via closed circuit television. At the hearing on the motion, the prosecutor presented testimony by the child's mother and by a psychologist, Michael DeMaria. At the conclusion of the hearing, the judge granted the prosecutor's motion, saying:
I'm going to take and make a finding of fact that based upon the testimony that I heard from the mother, based upon the testimony that I heard from Dr. DeMaria, that there is a substantial likelihood and even a very large percentage when you talk about substantial likelihood that the child in this case will suffer more than moderate emotional or mental harm if required to testify in open court. I'm making a finding of fact that the child will suffer substantial and high emotional or mental harm if required to testify in court based upon the testimony of the natural mother and also Dr. DeMaria. And I want to make a specific finding of fact of that and I would like to adopt and ratify and make my finding of fact the testimony of the natural mother and the testimony of Dr. DeMaria's direct examination.
Thereafter, the judge entered a written order granting the prosecutor's motion and attached to it a transcript of the testimony given by the mother and DeMaria at the hearing.
The trial judge's recitation of the statutory standard and explanation that his ruling was based upon the testimony at the hearing might not have satisfied section 92.54(5)'s requirement of specific findings as to the basis for his ruling. In Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988), the state had filed a motion under section 92.53, Florida Statutes, to videotape the testimony of two children outside the presence of the defendant and use the videotape at trial in lieu of the children's live testimony. Section 92.53 sanctions such a procedure, but, as in section 92.54(5) at issue here, the trial court must "make specific findings of fact, on the record, as to the basis for its ruling." Section 92.53(7), Fla. Stat. Just as in the case before us, at the conclusion of the hearing in Jaggers's case, the judge granted the state's motion, ruled that there was a substantial likelihood that the children would suffer at least moderate emotional trauma or mental harm if they were required to testify in open court, and explained that his decision was based on hearing testimony of the children's guardian ad litem. Jaggers, 536 So.2d at 324. The appellate court reversed Jaggers's conviction because the trial judge had not made the findings of fact required under section 92.53(7). Significantly, the court observed that the statute would be unconstitutional without the case-specific findings mandated by section 92.53(7). Specifically, the court said:
A review of the record reflects that the trial court did not make the required findings of fact under section 92.53(7) necessary to support its determination that the two child witnesses, whose testimonies were video taped, would suffer at least moderate emotional or mental harm if they were required to testify in open court. Such a case-specific finding mandated by section 92.53 is precisely what renders that statute constitutional, because the statute is closely tailored to protect the child victim only in those particular circumstances were [sic] it is deemed necessary.
Jaggers, 536 So.2d at 329. In Leggett v. State, 565 So.2d 315, 318 (Fla. 1990), the supreme court approved this language from Jaggers and reversed an attempt by this court in Leggett v. State, 548 So.2d 249 (Fla. 1st DCA 1989), to limit Jaggers to cases in which the record reveals inadequate evidentiary support for the judge's ruling.
Section 92.54, like its companion, section 92.53, impacts a defendant's right to a "face-to-face meeting with witnesses appearing before the trier of fact," a right which is guaranteed by the Sixth Amendment's Confrontation Clause. Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d *36 857 (1988). This right to a face-to-face confrontation with witnesses is not absolute, however, and it may give way "where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." Maryland v. Craig, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). Thus, when a trial judge makes a case-specific finding that a child witness would be traumatized by testifying in the presence of the defendant, the state's interest in protecting the child from the trauma of testifying in a child abuse case is sufficiently important to justify the use of a special procedure that permits the child to testify at trial in the absence of a face-to-face confrontation with the defendant. Maryland v. Craig, at 855-56, 110 S.Ct. at 3169, 111 L.Ed.2d at 685. The case-specific findings required by section 92.54(5) serve the same purpose as those required by section 92.53(7); they render the statute constitutional and the consequent denial of the defendant's right to face-to-face confrontation permissible.
The state argues that we need not decide whether the trial court's findings were sufficient, because the issue has not been preserved for appellate review. The only record objection raised by the appellant's counsel prior to the closed circuit testimony was the following:
I would like to renew my previous objection objecting to this witness be [sic] allowed to testify outside of the presence of the jury and outside of the presence of Mr. Hopkins.
The state acknowledges that this objection was "couched in terms of a confrontation rights argument," but the state contends that it was not sufficient to preserve the issue of whether the trial court's findings satisfied the requirements of section 92.54(5). According to the state, preservation of the issue is accomplished by specifically bringing the deficiency of the factual findings to the attention of the trial court. We hold that the very general objection raised by the appellant's counsel was not sufficient to preserve the issue for review in this court.
In so holding, we rely upon Sanders v. State, 568 So.2d 1014 (Fla. 3d DCA 1990), wherein the court held that it was not required to decide whether the trial judge's findings contained the specificity required by section 92.54(5), because the findings were not contemporaneously challenged for competency or sufficiency. See also Jones v. State, 582 So.2d 110 (Fla. 3d DCA 1991); Russell v. State, 572 So.2d 940, 942 n. 3 (Fla. 5th DCA 1990); and Stone v. State, 547 So.2d 657, 660 (Fla. 2d DCA 1989), all requiring a similar objection in order to preserve an issue for appeal under a closely analogous provision in section 90.803(23), Florida Statutes.
Our holding also appears to be required by our decision in Jackson v. State, 456 So.2d 916 (Fla. 1st DCA 1984), wherein Jackson appealed his conviction of vehicular homicide. Jackson challenged the admissibility of the results of a blood test which revealed that he was under the influence of alcohol shortly after he was involved in a fatal automobile accident. We dealt with Jackson's challenge as follows:
Appellant also argues that the blood test was inadmissible because it was not conducted strictly in accordance with the procedures required by statute and regulations. We disagree, but find it necessary to discuss only one ground argued by appellant, i.e., that the blood test was inadmissible because the state failed to show that the individual who analyzed the blood specimen, Mr. Peter Lardizabel, held the statutorily required permit from the Department of Health and Rehabilitative Services. § 316.1933(2)(b), Fla. Stat. (1982 Supp.). After the state had qualified Mr. Lardizabel as an expert and had offered the blood test results into evidence, counsel for appellant made a general objection to the admissibility of the blood test results because "the proper predicate" had not been laid by the state. But appellant's counsel did not at any time state the specific objection that Mr. Lardizabel was not properly licensed as required by the statute. The general objection by appellant's counsel was not sufficient to put the court and the state on notice that appellant questioned *37 whether the witness held such a permit, especially in view of the witness's qualification testimony that he had testified numerous times on this subject in Florida courts. If appellant had raised this specific objection when the witness was tendered as an expert witness or when the test results were offered into evidence, it could have been disposed of quite simply by putting one more question to the witness. An appellate court will not consider grounds of objection to the admissibility of evidence unless they have been stated with specificity in the trial court. Tabasky v. Dreyfuss, 350 So.2d 520 (Fla. 3d DCA 1977). Counsel's failure to make a specific objection based on the lack of an HRS permit amounts to a waiver of that objection for appellate review.
Jackson, 456 So.2d at 919. The general objection offered in this case suffers from the same insufficiency. It failed to advise the court and opposing counsel of the specific way in which the relevant statute had not been satisfied. As in Jackson, had the appellant's counsel made a specific objection, it could have been disposed of quite simply by the trial court making additional findings sufficient to clearly satisfy section 92.54(5). Accordingly, counsel's failure to make a specific objection effectively waived the issue for purposes of appellate review.
Of course, no objection is required when a trial court has committed fundamental error. We do not conclude that the error asserted here was fundamental, although we recognize the significance of a judge's findings under section 92.54(5) to the constitutionality of the statutory scheme. See Leggett, 565 So.2d at 318; and Gaither v. State, 581 So.2d 922, 924 (Fla. 2d DCA 1991) (suggesting that a trial court's failure to make the case-specific findings of fact required by section 92.53(7) may be fundamental error). We also recognize that section 92.54 authorizes a procedure which impacts an accused's constitutional right to face-to-face confrontation with trial witnesses; a right so fundamental that four members of the United States Supreme Court would recently have held it subject to no exception. See Maryland v. Craig, 497 U.S. at 859-70, 110 S.Ct. at 3171-76, 111 L.Ed.2d at 688-94 (Scalia, J., dissenting in an opinion joined by Justices Brennan, Marshall and Stevens). We therefore certify the following question to the supreme court as a question of great public importance:
Does a trial court commit fundamental error by failing to make the findings required by section 92.54(5), Florida Statutes, prior to allowing a child witness to testify by means of closed circuit television?
The appellant also contends that the trial court erred in allowing various witnesses to testify as to the out-of-court statements of the alleged child victim. He argues that the statements were improperly admitted under section 90.803(23), Florida Statutes (1990 Supp.), because the trial court failed to make the specific findings of fact required by section 90.803(23)(c). The state responds that the defense counsel's general hearsay objections to the testimony were not sufficiently specific to preserve the issue for appellate review. According to the state, the appellant's counsel was required to base his objections upon the insufficiency of the court's findings of fact. We agree and hold that this issue was also not preserved for our review. See Jones, 582 So.2d at 111; Russell, 572 So.2d at n. 3; and Stone, 547 So.2d at 660. Cf. Sanders, 568 So.2d at 1014-15; and Jackson, 456 So.2d at 919.
All other points raised by the appellant lack merit, were not preserved, or relate only to harmless error. Accordingly, the appellant's conviction and sentences are affirmed.
SMITH, J., concurs.
ZEHMER, J., dissents with written opinion.
ZEHMER, Judge (dissenting in part).
I find myself in disagreement with the majority's disposition of appellant's first and ninth points on appeal. As to those points, I agree, for the reasons discussed in the majority opinion, that the trial court *38 failed to make the necessary findings of fact required by section 90.803(23) to support the admissibility of the child witness's hearsay statements and the necessary findings required by section 92.54 to support the court's decision to allow the child witness to testify by closed circuit video. Unlike the majority, however, I believe the objection was sufficiently preserved and would reverse on these points with directions to grant a new trial.
I do not agree that the objecting party, in this case defense counsel, in order to preserve the objection for appellate review, must specify each deficiency in the trial court's findings of fact after they are stated on the record by the court as required by sections 90.803(23) and 92.54. The trial court is required to put these specific findings in the record for the purpose of facilitating appellate review of the court's ruling on the defendant's objection to such testimony. Counsel, having made a general objection to the admissibility of such evidence on an appropriate legal ground and having been overruled by the trial judge, should not be further required, in effect, to continue arguing with the trial court over the legal sufficiency of the factual basis stated by the court from the bench in support of its ruling; yet, that is essentially the effect of the majority opinion's holding that an objecting party must state with particularity an objection to the insufficiency of each of the trial court's findings in order to preserve an objection to admissibility under this statutory provision.
In my view, the appropriate procedure for handling objections to proffered testimony under these statutory provisions requires that both the state and the defense present the required evidence and make their arguments to the court on the defendant's objection to admissibility, after which the court should rule as required by the statute. That should end the matter until appellate review is sought. Once the arguments have been completed and the court has ruled, neither the state nor the defendant should be permitted, much less required, to argue with the court over the sufficiency of the recited grounds of the court's decision. The procedure required by the majority opinion is akin to the former requirement to note exceptions to the trial court's ruling, a practice long abolished in court proceedings (although it continues in the administrative arena in a somewhat more structured form).
The reason for requiring a specific objection to the witness's qualifications to make blood tests and offer expert opinion thereon when offered during trial, as ruled in Jackson v. State, 456 So.2d 916 (Fla. 1st DCA 1984), involves different considerations than does compliance with the statutory requirements to set forth on the record findings of fact sufficient to admit otherwise inadmissible testimony under sections 90.803(23) and 92.54. The ground of the objection to an expert's qualifications, as well as the professional competency of the evidence being offered, of necessity must be specified at the time the expert testimony is offered. The statutory requirement in sections 90.803(23) and 92.54 that the basis of the court's ruling be set forth on the record serves an entirely different purpose, as previously discussed. They are essentially the basis of the court's ruling after hearing evidence and argument. Therefore, I do not consider Jackson persuasive authority for resolution of this issue.
It is apparent that appellant's trial counsel was not aware of the obligation to make further objections to the sufficiency of the trial court's findings after the court had ruled in order to preserve the objections for appellate review. Since the statutory requirements to place these findings in the record clearly implicate constitutional considerations affecting the fundamental fairness of the criminal proceeding, I would grant appellate review of the trial court's ruling in this case as a matter of fundamental error, reverse for failure to set forth the factual findings required by the statutes, and remand for a new trial.
I concur in certifying the question of great public importance to the supreme court, and concur in the majority opinion in respect to all other points on appeal.