617 So.2d 1091 (1993)
Joseph FELLER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1062.
District Court of Appeal of Florida, First District.
April 16, 1993.
*1092 Nancy A. Daniels, Public Defender and David P. Gauldin, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Carolyn J. Mosley, Asst. Atty. Gen., for appellee.
KAHN, Judge.
Joseph Feller appeals his conviction and sentences on three counts of sexual battery on a child less than twelve years old. He raises four issues for our consideration. We summarily affirm as to appellant's arguments involving the testimony of Dr. Harris, the admission of collateral crimes evidence, and the admission of certain statements made by the child victim to police officers and other child abuse investigators. Appellant's remaining issue concerns the propriety of the trial court's decision to allow the victim, W.O., to give her trial testimony by videotape, pursuant to section 92.53, Florida Statutes (1989). Having thoroughly considered appellant's arguments on these points, we find no reversible error.
Prior to trial the prosecutor filed a motion to allow the videotaped testimony of the victim, as opposed to live courtroom testimony. The matter came on for an evidentiary hearing, at which time the state presented the testimony of Dr. Harris, a practicing clinical psychologist from Brunswick, Georgia. Dr. Cheryl Harris rendered an expert opinion that W.O. would suffer at least moderate emotional harm were she required to testify in open court in the *1093 presence of Mr. Feller, who is her stepfather. Dr. Harris explained the reasons for her opinion, which included suicidal ideations on the part of W.O. and W.O.'s fear that she would cause irreparable damage to her family. Among the statements made by Dr. Harris are the following:
And I think she would be put in a very awful situation in open court if she were to be expected to tell the truth, and if the truth was that she was sexually abused by the defendant, she would be facing a choice to lie or to destroy her family, or what she thinks is going to destroy her family.
* * * * * *
And I said how would you feel if you had to go to court and tell what happened? And she said, would my daddy be there? And I said, well, yes. And she was very frightened by that and sort of made a gesture to me of how she anticipated her father looking at her, and just said repeatedly: `I'm not going to do that, I'm not going to do that, I don't want to do that.'
And I said, well, what,  you know, what if you  could you do this: Could you talk if you were in a small room away from the courtroom and the lawyers and a judge were present? And she said, well, okay.
Dr. Harris also made it clear that she was "speaking about [W.O.] in this specific situation." She stated that there might be situations in which it would not be so traumatic for a child to come into court and testify.
The defense counsel requested that she be allowed to consult with her own expert psychologist prior to presenting argument on the state's motion. The court was in agreement, and accordingly reconvened the hearing on January 17, 1991. At that time, defense counsel objected on the basis that the video testimony "violates the Sixth Amendment right to confrontation ... the privilege of face to face confrontation." In response, the prosecutor called the court's attention to section 92.53, explaining the requirement that certain findings be made by the court.[1] In response to defense counsel's objection, the prosecutor pointed out that the statute has been held constitutional, and does not violate the defendant's constitutional right to confrontation of witnesses. See Glendening v. State, 536 So.2d 212 (Fla. 1988), cert. denied, 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989). The prosecutor then proceeded to remind the trial judge of the import of Dr. Harris' testimony with regard to the statutory requirement of specific findings. In so doing, the prosecutor paraphrased those portions of Dr. Harris' testimony set out in this opinion above.
At that point, defense counsel, without specifically referring to the statute or to any constitutional entitlement of Mr. Feller, asked "the court to allow Mr. Feller face-to-face contact with [W.O.] during her testimony." The court then inquired whether anyone had "anything else they wished to say." Counsel declined. The trial court ruled as follows:
I think I'm satisfied that Dr. Harris' testimony comports to the statute, that there is at least a substantial likelihood of  I believe it says even moderate harm, is sufficient to allow videotaping of the child; and therefore, I'm going to grant the state's motion to videotape the testimony of this child... . So having said that, are we ready to proceed now?
Defense counsel then moved into a discussion of the details of who would be present during W.O.'s testimony.
No defense objection was raised when the videotape was offered at trial. After the verdict, the defense moved for a new trial, alleging: "The Court erred in its pre-trial ruling allowing [W.O.] to testify by means of video tape."
*1094 At no point prior to or during the trial did the defense object to any lack of specificity in the judge's findings made under section 92.53(1). The only objection ever raised was to the constitutional right of confrontation. Once the state cited Glendening, supra, the defense counsel modified her position somewhat by deleting a reference to constitutional rights, and merely asking the court to allow face to face confrontation. The defense has not preserved its right to argue on appeal that Mr. Feller is entitled to a new trial by virtue of the trial court's failure to make findings with the specificity required by section 92.53. Hopkins v. State, 608 So.2d 33 (Fla. 1st DCA), rev. granted, No. 80,514, ___ So.2d ___ (Fla. Sept. 24, 1992); Sanders v. State, 568 So.2d 1014 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 166 (Fla. 1991); see also, Maddry v. State, 585 So.2d 359, 360 (Fla. 1st DCA 1991) ("An appellate court will consider the grounds or objections to the admissibility of evidence as were specifically made in the trial court and cannot consider those objections to admissibility of evidence which are raised for the first time on appeal"); Jackson v. State, 456 So.2d 916, 919 (Fla. 1st DCA 1984) ("An appellate court will not consider grounds of objection to the admissibility of evidence unless they have been stated with specificity in the trial court").
This case points out the salutary purpose of the rule requiring an objection to be made on specific grounds. It would appear that the testimony of Dr. Harris, apparently accepted by the trial court, is facially sufficient to comply with the dictates of section 92.53, as well as the case-specific findings requirement established in Maryland v. Craig, 497 U.S. 836, 855-57, 110 S.Ct. 3157, 3169, 111 L.Ed.2d 666 (1990).[2] Had a specific objection been contemporaneously made, the trial court could have easily amplified its findings, by extracting more specific information from the testimony of Dr. Harris. If, upon consideration of a specific objection, the trial court had determined that the requirements of the statute were not met, he could have required the state to make a further showing, or alternatively, simply denied the motion and ordered that the case proceed to trial without the use of videotaped testimony. Given the present posture of the case, and with ample reflection upon the overall force and effect of the evidence in this case, we are unable to perceive that the rights of all interested parties, including appellant and the child victim, would be served by a new trial.[3]
This court has previously certified to the supreme court the question of whether the failure to make findings under a companion statute, section 92.54(5), Florida Statutes (1989) (allowing closed circuit television testimony by a child abuse victim), constitutes fundamental error. Hopkins, supra. We believe it is appropriate to certify the same question as it relates to findings required by section 92.53. We therefore certify the following question to the supreme court as a question of great public importance:
DOES A TRIAL COURT COMMIT FUNDAMENTAL ERROR BY FAILING TO MAKE THE FINDINGS REQUIRED BY SECTION 92.53(1), FLORIDA STATUTES (1989), PRIOR TO ALLOWING A *1095 CHILD WITNESS TO TESTIFY BY MEANS OF VIDEOTAPE?
Our consideration of this case has led us to ponder a question apart from the substantive legal issues raised by the appellant and the state of Florida. In the event the supreme court determines that the trial court in this case committed fundamental error, what would be the appropriate remedy? It has generally been assumed, particularly in direct criminal appeals, that the remedy for harmful error is reversal for a new trial.[4] It appears, however, that in certain instances, error by a trial court in a criminal case may be dealt with by remand for an evidentiary hearing. See Marshall v. State, 593 So.2d 1161 (Fla. 2d DCA 1992) (finding an error in jury selection, but remanding for an evidentiary hearing in order to allow the trial court to determine whether the state's reasons for use of a peremptory challenge was race neutral). In the present case a record already exists upon which the trial court could consider the findings required by section 92.53(1). If the error is merely the trial court's failure to make certain findings, rather than the sufficiency of the evidence to support such findings, we question whether a new trial is the only efficacious remedy. In Marshall v. State, supra, an appeal in a capital sexual battery case, authorizing an evidentiary hearing as the initial remedy in the face of a Neil[5] violation, the court made certain well-considered observations:
In deciding to allow an evidentiary hearing before making a decision on the necessity of a new trial, we have taken into account various factors including the existence of a record, the content of the record, and the lapse of time since the trial. We have also considered the interests of the victim, the child's family, the defendant, and the judicial system. The defendant was tried by a jury that included men and women as well as members of at least two distinct ethnic groups. If the procedural error was in fact harmless, the defendant's arguments would not seem sufficient to require the child and the family to be subjected to another trial.
593 So.2d at 1165.
Recognizing these factors, and with full deference to the supreme court's decision in Leggett v. State, supra, n. 2, we certify an additional question as one of great public importance:
IF THE FAILURE TO MAKE THE FINDINGS REQUIRED BY SECTION 92.53(1), FLORIDA STATUTES (1989), IS FUNDAMENTAL ERROR, MAY THE REVIEWING COURT, AS AN ALTERNATIVE TO ORDERING A NEW TRIAL, REMAND TO THE TRIAL COURT FOR A DETERMINATION OF WHETHER THE RECORD BEFORE THE TRIAL COURT AT THE TIME OF ITS RULING SUPPORTED THE FINDINGS REQUIRED BY THE STATUTE?
AFFIRMED and questions certified.
WOLF, J., specially concurs with written opinion.
ZEHMER, J., dissents and concurs with written opinion.
WOLF, Judge, specially concurring.
I concur in all respects with the well-reasoned and well-written majority opinion. I write for one reason, and that is to express some thoughts concerning the proposed remedy if the supreme court determines that the alleged error was properly preserved for appeal.
The law should be logical and should not ignore principles of common sense. Remedies should be tailored to address the specific wrong which has occurred. The error which is alleged to have occurred in the trial court is the failure of the trial court to make the specific findings required by section *1096 92.53(1), Florida Statutes. The record clearly reflects, however, that the trial court was adopting the testimony of the clinical psychologist. That testimony clearly and specifically demonstrated that this particular child would be substantially traumatized by the presence of the defendant.[1] The defendant did not object to the judge's failure to make more specific findings.
The only reasonable remedy would be to allow the trial judge to clearly state what any person reading the record would know he intended. A request for a new trial under these circumstances is unreasonable. It rewards defense counsel for her lack of specificity, it forces an already traumatized child to undergo needless emotional strain, and it affords the defendant excessive relief.[2]
ZEHMER, J. (dissenting and concurring).
I concur in the majority opinion's certification of the two questions of great public importance to the supreme court. I respectfully dissent from affirmance, however. In my view, the trial court did not make sufficient specific findings of fact to comply with the requirements of section 92.53, and this error was adequately preserved for appellate review. Accordingly, I would reverse and remand for further proceedings and would not reach the other points on appeal.
The majority opinion concludes that any error regarding the sufficiency of the findings of fact required by section 92.53(7) was not properly preserved for appellate review because defense counsel did not make objections to the sufficiency of the findings after the trial court stated on the record the reasons for its decision to permit the state to use videotape testimony of the child, and defense counsel did not make objections when the videotape was offered and admitted during trial. I do not agree that the defendant was required to make such objections to preserve this matter for appellate review for the reasons stated in my dissent in Hopkins v. State, 608 So.2d 33, 37 (Fla. 1st DCA 1992), review granted, 618 So.2d 1368 (Fla. 1993). Section 92.53 sets out the special statutory procedure that must be followed by the trial court in determining whether to permit the use of the child's videotape testimony in lieu of testifying in court. Because the videotape procedure implicates substantial constitutional rights of the defendant, the statute requires the trial court to hold an evidentiary hearing prior to trial, make specific findings of fact regarding the need for using this procedure, and announce its decision based on such findings to allow or disallow the use of videotape testimony. After the state has presented evidence in support of its motion to use videotape testimony, counsel for defendant may present evidence on this issue; but counsel for the defendant must state at that time all grounds for objection to the use of this procedure, including whether the evidence or factual predicate relied on by the state is legally sufficient to support its motion. Obviously, the defendant's objections must be presented to the court before the trial court rules on the state's motion. Once the trial court has announced its ruling based on the evidence and arguments presented by both parties, neither counsel should be permitted, much less required, to further argue the propriety of or deficiencies in the court's ruling.
In the case before us, the videotape matter came on for consideration pursuant to the state's pretrial motion made pursuant to section 92.53 (filed November 9, 1990) in which the state sought leave to present the child's trial testimony by videotape taken out of the defendant's presence. As the moving party, the state had the burden of *1097 establishing a factual record sufficient to warrant both the deprivation of the defendant's constitutional right of confrontation of witnesses against him, as well as requiring his counsel to participate in the examination of the child out of the defendant's presence. The defendant objected to the use of this procedure as violative of his constitutional right to confront witnesses. The state presented testimony in support of its motion at a hearing held November 16, 1990, and the trial court reserved argument and ruling until after the defense had an opportunity to consult with its expert. At a hearing held January 17, 1991, the court heard argument by the state on the factual basis for its motion, which was predicated entirely on the testimony of a psychologist, Dr. Harris. The court next heard argument from the defendant concerning contradictions and discrepancies in the predicate facts relied on by the state assertedly disclosed during the defense's cross-examination of Dr. Harris. Without making any evidentiary findings of fact, the court simply found that Dr. Harris's testimony comported with the statute, i.e., that the court found there was a substantial likelihood the child would sustain moderate harm if compelled to testify in court in the presence of the defendant, and ruled that this witness would be permitted to testify by videotape.
Thereafter, the videotape testimony was taken in the presence of the judge as specified in section 92.53(3), with attorneys for the state and the defendant participating in the examination. (It is not clear how Appellant was permitted to participate in this proceeding, but Appellant makes no issue of this on appeal.) Thereafter, on March 1, just before trial, the court heard various objections to the videotape testimony and ruled on each objection before the tape was actually offered in evidence by the state on March 4. At the defendant's request, the trial court also agreed to give, and during trial did give, an instruction to the jury on Williams rule testimony concerning uncharged offenses that were referred to in the child's videotape testimony. No objection to the use of the videotape was renewed by defense counsel during trial when the tape was played; however, in his motion for new trial filed after the adverse jury verdict, Appellant again raised the court's ruling on the state's motion to permit use of the videotape testimony as a ground for new trial.
Section 92.53 contemplates that the decision to use videotape testimony in lieu of live testimony at trial will be decided pre-trial by the trial court after holding an evidentiary hearing and hearing argument on the issue. Subparagraph (7) of that section requires the court to "make specific findings of fact, on the record, as to the basis for its ruling under this section." The trial court was reminded of this requirement during argument on the state's motion and attempted to comply with it at the hearing on January 17 when the court announced its ruling. At that time, the defendant's attorney had already made the court fully aware of the claimed deficiencies in the state's factual basis for its motion; thus, for defense counsel to continue arguing with the court over the sufficiency of its factual findings in respect to the state's evidence would have amounted to nothing more than an improper attempt to reargue matters already decided by the court. Previously existing procedural requirements to take exceptions to the trial court's ruling were abolished years ago in the court system (it still persists in the administrative law procedure under chapter 120 by specific provision in the statute), so there is no basis in law for requiring defense counsel in this case to state on the record exceptions to the sufficiency of the court's findings of fact. Thus, I disagree with the contrary view expressed in Sanders v. State, 568 So.2d 1014 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 166 (Fla. 1991), and Hopkins v. State, 608 So.2d 33 (Fla. 1st DCA 1992), primarily because section 92.53 seriously implicates the deprivation of a defendant's constitutional right to counsel and a defendant's constitutional right to confront witnesses against him. This conclusion, it seems to me, is implicitly required by the supreme court's recent opinion in Myles v. State, 602 So.2d 1278 (Fla. 1992).
*1098 Likewise, I see no valid reason for requiring defense counsel, solely to preserve the right to appellate review of the trial court's rulings on this matter, to renew the previously stated objections and grounds when the approved videotape is shown to the jury at trial. The majority opinion finds an implied waiver of the defendant's previously stated objections for purposes of appellate review without renewal of the objections. There is no indication on the record that defendant intended to waive his previously stated objections other than the inference drawn from the failure to renew such objections when the videotape was offered. To so infer, it seems to me, is contrary to the purpose of the statutory scheme requiring all such objections to be made and ruled on pretrial outside the presence of the jury. In my view, sections 92.53 and 92.54 specify special procedures that differ considerably from the ordinary situation involving the offer of evidence and objection to its admissibility during trial. Under the statutory procedure, when the videotape is offered at trial, the court has been fully informed about the grounds of the state's motion, the evidence supporting the motion, and the defendant's objections thereto, has made "specific findings of fact" stated "on the record," and has ruled thereon. By the time the videotape is offered at trial, the parties and the trial court have done all that is necessary to flesh-out and preserve any objections and rulings for appellate review. If, however, there must be renewed objections when the tape is offered, the statute or the rules of procedure should be amended to explicitly set forth a requirement to take exceptions to the court's findings of fact after they have been stated of record and during trial.
Although the testimony of Dr. Harris in this case is arguably sufficient to support findings that requiring the child to testify in court in the presence of the defendant would likely cause moderate harm, the trial court made no specific findings of the underlying facts that support this ultimate conclusion. The court only stated that Dr. Harris's testimony appeared to be sufficient to satisfy the statute; it made no explicit findings in respect to the factual predicate relied on by Dr. Harris in expressing this opinion. Because defense counsel demonstrated contradictions and conflicts in respect to some of the factual assertions during cross-examination of Dr. Harris, I do not see how the protective purpose of the statutory requirement for specific findings of fact can be validly served unless the trial court states on the record its findings of each evidentiary fact supporting the expert opinion, as distinguished from the ultimate finding of harm to the child vel non. Nor is adequate appellate review afforded without such explicit findings. If what the trial court did in this case is all that is required to satisfy the statute, the statutory requirement is a meaningless gesture.
Since I treat the defense objection in this case as going to the sufficiency of the state's evidence to meet the statutory requirements underlying the use of videotape testimony, I would accept this issue for review, reverse the judgment of conviction for failure of the trial court to make the specific findings required by the statute, and remand for a new trial. I do not view this error as harmless because such legally sufficient findings are required, not only to comply with section 92.53, but to meet the requirements set forth in Maryland v. Craig, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). I seriously doubt that the psychologist's testimony in this case is sufficient to satisfy the Craig test. See Myles v. State, 602 So.2d 1278 (Fla. 1992). But I would first allow the trial court to make that determination on remand.
NOTES
[1] Section 92.53(1), Florida Statutes (1989), provides: "On motion and hearing in camera and a finding that there is a substantial likelihood that a victim or witness who is under the age of 16 would suffer at least moderate emotional or mental harm if he were required to testify in open court ... the trial court may order the videotaping of the testimony of the victim or witness in a sexual abuse case... ."
[2] We are not permitted to "look behind the judge's words and predicate our decision solely upon the sufficiency of the evidence." Leggett v. State, 565 So.2d 315, 318 (Fla. 1990).
[3] Mr. Feller obviously has the right to avail himself of an attempt to collaterally attack his conviction. Significantly, however, any challenge raising ineffective assistance of counsel by way of Rule 3.850, Florida Rules of Criminal Procedure, will require appellant to demonstrate not only that counsel's performance was deficient by failing to raise a sufficient objection, but also that the deficient performance prejudiced appellant. Johnson v. State, 593 So.2d 206 (Fla. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992). In the context of this case, the distinction between a direct appeal and a Rule 3.850 challenge is quite significant. In a Rule 3.850 challenge, the trial court would be allowed to reach the ultimate issue of whether the failure to specifically object to the videotaped testimony actually prejudiced appellant. In the course of this inquiry, the court would be allowed to look at the question of whether the testimony before the court was indeed sufficient to meet the requirements of section 92.53, Florida Statutes (1989).
[4] "Errors relating to the manner in which the proceeding was conducted in the lower tribunal are likely to result in a decision reversing the case and remanding it for a new trial or hearing. For example, an erroneous ruling as to the admission or exclusion of evidence can be corrected by directing a retrial in accordance with the appellate court's decision on the evidentiary issue." Padovano, Florida Appellate Practice, § 14.5.
[5] State v. Neil, 457 So.2d 481 (Fla. 1984).
[1] If it were not for the holding in Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988), as specifically interpreted by Leggett v. State, 565 So.2d 315 (Fla. 1990), I would hold that the judge's findings complied with the statutory requirements as well as the constitutional dictates of Maryland v. Craig 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990).
[2] We should also not assume that our trial judges will be anything but forthright when they place their considerations on the record after remand.