626 So.2d 1073 (1993)
Ricky Lamar LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-744.
District Court of Appeal of Florida, First District.
November 12, 1993.
Rehearing Denied December 6, 1993.
*1074 Nancy A. Daniels, Public Defender, Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
ERVIN, Judge.
Lewis appeals his convictions for sexual battery on a person under the age of 12 and lewd and lascivious assault on the same person. Of the numerous errors alleged, we find merit in only one, i.e., that the trial court permitted the child victim to testify by closed-circuit television outside the presence of the defendant during trial, and we reverse as to it and remand the case for new trial. The remaining errors asserted, i.e., the admission of hearsay statements under the medical-diagnosis exception to the hearsay rule, the admission of collateral-crime evidence, and the giving of a jury instruction on witness tampering, are affirmed, in that the evidence was admissible or the alleged error was not preserved for appellate review.
In reversing the trial court's order permitting the child victim to testify by closed-circuit television, which is authorized under Section 92.54, Florida Statutes (1989), we initially agree with the state that because the appellant did not object to the trial court's failure to make the specific findings required by section 92.54(5), he waived this error for purposes of appeal. See Hopkins v. State, 608 So.2d 33 (Fla. 1st DCA 1992), review granted, 618 So.2d 1368 (Fla. 1993). As in Hopkins, however, we certify the following question to the supreme court as a question of great public importance:
DOES A TRIAL COURT COMMIT FUNDAMENTAL ERROR BY FAILING TO MAKE THE FINDINGS REQUIRED BY SECTION 92.54(5), FLORIDA STATUTES, PRIOR TO ALLOWING A CHILD WITNESS TO TESTIFY BY MEANS OF CLOSED-CIRCUIT TELEVISION?
Our conclusion in this regard, however, does not apply to the issue of the sufficiency of the evidence undergirding those findings. In support of the state's motion to allow the child to testify outside the defendant's presence, only the child and her mother gave evidence regarding the child's mental state. Their testimony, at most, showed only that the child would be frightened if she were required to testify in the presence of the defendant.
In Myles v. State, 602 So.2d 1278, 1281 (Fla. 1992), the Florida Supreme Court stated that in order to comply with the United States Supreme Court's pronouncement in Maryland v. Craig, 497 U.S. 836, 855-56, 110 S.Ct. 3157, 3169, 111 L.Ed.2d 666, 685 (1990), the trial court must (a) hold an evidentiary hearing to determine whether the closed-circuit procedure is necessary to protect the *1075 welfare of the child witness, (b) find that the child witness will be traumatized by the presence of the defendant, rather than by the courtroom generally, and (c) find that any emotional distress the child might suffer in the presence of the defendant would be more than de minimis, meaning that any such resulting distress is more than mere nervousness, excitement, or reluctance to testify. In an earlier opinion, the Florida Supreme Court interpreted the similar statutory standard provided in Section 92.53(1), Florida Statutes (1987), and specifically cautioned "that mere discomfort or even fright, without more, does not meet the statutory criterion." Leggett v. State, 565 So.2d 315, 317 (Fla. 1990).
The quantum of evidence offered below contrasts sharply with that submitted in other cases in which courts have approved the use of videotaped or closed-circuit testimony. Compare Feller v. State, 617 So.2d 1091 (Fla. 1st DCA 1993) (psychologist testified that the child had suicidal ideation and fear that she would cause irreparable damage to her family if she were required to testify in the presence of the defendant), review granted, 626 So.2d 205 (Fla. 1993); Hopkins v. State, 608 So.2d 33 (Fla. 1st DCA 1992) (child's mother and psychologist testified that victim would suffer substantial and high emotional or mental harm if required to testify), review granted, 618 So.2d 1368 (Fla. 1993); Hernandez v. State, 597 So.2d 408 (Fla. 3d DCA 1992) (expert testimony was elicited stating that the victim's children would suffer severe emotional harm if they testified in the presence of the person whom they believed killed their mother).
We consider that the evidence in the above cases conforms generally with the rule enunciated by the Supreme Court in Craig, recognizing that a closed-circuit television procedure is appropriate upon a showing that if the child were to testify in the direct presence of the defendant, the resulting trauma would "impair the child's ability to communicate." Craig, 497 U.S. at 857, 110 S.Ct. at 3170, 111 L.Ed.2d at 686. The Court reasoned that if "face-to-face confrontation causes [such] significant emotional distress in a child witness [as to affect the child's ability to communicate], there is evidence that such confrontation would in fact disserve the Confrontation Clause's truth-seeking goal." Id. at 857, 110 S.Ct. at 3169, 111 L.Ed.2d at 686.
In the case at bar, the evidence, which related generally to the child's fright or nervousness if required to testify in the presence of the defendant, did not remotely approximate the Craig standard. As a consequence, we conclude that such evidence was legally insufficient to support the statutorily required finding that there be a substantial likelihood that the child would suffer at least moderate emotional or mental harm if required to testify in open court. Appellant's convictions must therefore be reversed and the case remanded for new trial.
Normally, a disposition requiring a case to be remanded for new trial moots consideration of an alleged sentencing error. Nevertheless, we consider it instructive to address the sentencing issue raised, e.g., whether the lower court erred in adjudicating appellant guilty of both lewd assault and sexual battery, based upon the same evidence admitted below, in the event that the appellant is once again convicted of both offenses.
Appellant was charged by information with committing a sexual battery on a child under the age of 12 and a lewd and lascivious act upon the child by perpetrating a sexual battery. Section 800.04(3), Florida Statutes (Supp. 1990), provides that anyone who commits an act defined as sexual battery upon a child under 16, without committing the crime of sexual battery, as proscribed by Section 794.011, Florida Statutes, is guilty of a felony of the second degree. In State v. Hightower, 509 So.2d 1078, 1079 (Fla. 1987), the Florida Supreme Court indicated that the crimes provided under section 800.04(2)[1] and section 794.011(2) relating to sexual battery upon a child under 12, are mutually exclusive. Accord Edwards v. State, 613 So.2d 508 (Fla. 5th DCA 1993); Morton v. State, 548 So.2d 788 (Fla. 2d DCA 1989). The state, however, argues that the crime of lewd assault was a separate act from that of the sexual battery, as the evidence showed that appellant committed *1076 the lewd and lascivious act by rubbing the victim's buttocks. Nevertheless, as previously stated, the appellant was specifically charged with committing a lascivious act "by committing a sexual battery upon" the victim (emphasis added). Moreover, the trial court, in defining a lascivious act upon a child under the age of 16, as provided in section 800.04(1), instructed the jury that this subsection required a showing that the defendant "handled or fondled the victim in a lewd or lascivious or indecent manner by touching her vaginal area." (Emphasis added.) Consequently, based upon the language used in the information and the instruction given, as well as evidence relating to the same incident, appellant could not be convicted of both committing a lewd and lascivious act and sexual battery.
AFFIRMED in part, REVERSED in part, and REMANDED for new trial.
JOANOS and WOLF, JJ., concur.
NOTES
[1] Now renumbered section 800.04(3).