652 So.2d 449 (1995)
Tony Lawrence JONES a/k/a Anthony Lawrence Jones, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-678.
District Court of Appeal of Florida, Third District.
March 22, 1995.
Tony Lawrence Jones, in pro. per.
Robert A. Butterworth, Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
BARKDULL, Judge.
Jones was convicted for committing six counts of sexual battery upon his seven year *450 old daughter. On direct appeal Jones argued that he was denied his right to a fair trial due to misconduct by the trial judge, and that improper hearsay testimony was admitted. See Jones v. State, 582 So.2d 110 (Fla. 3d DCA 1991) wherein this court held that although the misconduct issue was not preserved for appellate review the evidence against Jones was so conclusive that any error was harmless. On the hearsay issue this court held that the alleged hearsay testimony was properly admitted pursuant to § 90.803(23), Florida Statutes (1989) and thus no error occurred. Jones' conviction became final in late August of 1991. In September of 1994, Jones filed, pursuant to rule 3.850, a motion for post conviction relief alleging that his counsel was ineffective in that counsel failed to file a motion to disqualify the trial judge for bias and prejudice; that counsel failed to object to the trial judge's remarks during cross examination; that counsel failed to object to hearsay testimony; and that his right to a fair trial had been violated. The trial court denied Jones' motion stating that it was time barred and Jones appealed.
A rule 3.850 motion must be brought within two years of the underlying conviction becoming final. The trial court correctly denied Jones' motion as untimely. See Fla. R.Crim.Pro. 3.850.
Even were there no procedural bar, Jones' motion would still fail. Jones' motion is a classic example of abuse of process, the issues raised were previously decided on direct appeal "and are thus foreclosed from consideration under post conviction relief." Smith v. State, 453 So.2d 388, 389 (Fla. 1984).
Affirmed.