543 So.2d 413 (1989)
Willie CHILDRESS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1803.
District Court of Appeal of Florida, First District.
May 17, 1989.
*414 James C. Banks, Sp. Asst. Public Defender, Tallahassee, for appellant.
William A. Hatch, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Childress appeals his conviction for aggravated child abuse contending that the trial court erred in allowing hearsay statements into evidence. We reverse and remand for a new trial.
Childress contends that the trial court erred in allowing the hearsay statements of a three-year-old alleged victim of child abuse into evidence pursuant to § 90.803(23), Fla. Stat. He first argues that § 90.803(23) applies only to sexual child abuse, not non-sexual abuse cases. Second, he argues that if § 90.803(23) did apply, the state failed to comply with the ten-day notice requirement of the law. His third ground is that the admission of hearsay statements violated his right to confront adverse witnesses. The trial court overruled all of defendant's objections. In its answer brief the state admits the trial court erred in failing to find that the state had not complied with the ten-day notice requirement. Although the state did indeed fail to comply with the notice requirement, it is not necessarily error to overrule defendant's objection on this ground. Cook v. State, 531 So.2d 1369 (Fla. 1st DCA 1988); Salter v. State, 500 So.2d 184 (Fla. 1st DCA 1986). But this is not what concerns us on appeal. More importantly, we note that the trial court erred in holding that § 90.803(23) applies to non-sexual child abuse cases.
In construing a statute, the legislative intent must guide the court. Barruzza v. Suddath Van Lines, Inc., 474 So.2d 861 (Fla. 1st DCA 1985). To determine legislative intent, the court must consider the evil to be corrected, the language of the act, including its title, and the history of its enactment. State v. Webb, 398 So.2d 820, 824 (Fla. 1981). The title is a direct statement of legislative intent. Id. at 825.
Section 90.803(23) is entitled, "Hearsay exception; statement of child victim of sexual abuse or sexual offense against a child. " This section provides in pertinent part:
[A]n out-of-court statement made by a child victim... describing any act of child abuse, sexual abuse, or any other offense involving an unlawful sexual act, contact, intrusion, or penetration ... is admissible in evidence if [certain conditions are met]... ." (Emphasis added.)
The Legislature's intent was expressed in Ch. 85-53, Laws of Florida, which provides:
WHEREAS, reports of sexual abuse and the commission of unlawful sexual acts against children have increased dramatically, and
WHEREAS, children are in need of special protection as victims or witnesses in the judicial system as a result of their age and vulnerability, and
WHEREAS, the rights of the defendant in a criminal prosecution must be balanced with the right of a child victim to be protected, and
WHEREAS, a young child is able to relate descriptions of acts involving sexual contact or sexual acts performed in the child's presence in a reliable manner based upon consideration of the child's age and development, and
WHEREAS, the credibility and reliability of a child's testimony can be assured by procedural safeguards that will not infringe upon the defendant's right to a fair trial or the rights or any party in a judicial proceeding, and
WHEREAS, it is necessary that safeguards be instituted for the children of the State of Florida who are victimized to assure that their right to be free from emotional harm and trauma occasioned by judicial proceedings is protected by the court, and
WHEREAS, effective handling of child abuse cases in the judicial system is essential to future protection of the child, and

*415 WHEREAS, the Legislature recognizes that special provisions are necessary to assure that evidence of unlawful sexual offenses against children is admissible in the courts, based upon sound principles of child development, and
WHEREAS, the assistance of professionals and persons having a special relationship with the child can aid the courts in assuring full access to legal remedies for the protection of children, NOW, THEREFORE... .
The foregoing clearly and expressly shows a legislative intent that the law be applicable to sexual child abuse case only, not non-sexual child abuse cases. Although there are numerous appellate decisions dealing with this section that involve sexual child abuse, we have been unable to find any appellate decision dealing with the section that involve non-sexual child abuse. It was improper for the trial court to admit this hearsay over objection.
Childress also claims that the trial court erred in allowing into evidence the hearsay statements of a four-year-old witness to the alleged child abuse. We agree that the admission of this hearsay into evidence over objection was improper.
We find no merit to the remaining issues on appeal.
REVERSED and REMANDED for new trial.
WENTWORTH and WIGGINTON, JJ., concur.