572 So.2d 940 (1990)
Kathryn G. RUSSELL, Appellant,
v.
STATE of Florida, Appellee.
No. 89-678.
District Court of Appeal of Florida, Fifth District.
November 29, 1990.
Rehearing Denied January 15, 1991.
Andrew G. Natelson, Flagler Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellee.
GOSHORN, Judge.
Kathryn Russell appeals the judgment and sentence imposed following a jury verdict *941 finding her guilty of the capital sexual battery, aggravated battery and child abuse of her two-year-old daughter, A. Of the numerous issues raised by defendant, we find only the issue regarding the admissibility of statements made by A.'s four year old brother, J., merits discussion.
J. witnessed the savage attack on A. Twenty-nine and a half hours after A. was discovered, J. stated to Fred Siebert, HRS child abuse investigator, "Kathryn Russell was the hands of the monster."[1] Six weeks later, J. informed his therapist, in response to a question regarding defendant's location, "Mommy was in the big bed." Both statements were admitted over timely objections. The first was admitted as an excited utterance pursuant to section 90.803(2), Florida Statutes (1989) and the second was ruled admissible under section 90.803(23), Florida Statutes (1989), a hearsay exception for statements of child victims of sexual abuse. Even if the first statement was not properly admitted as an excited utterance, see State v. Jano, 524 So.2d 660 (Fla. 1988), we hold that it was admissible under section 90.803(23), as was the second statement.
Section 90.803(23), Florida Statutes (1989)[2] states:
(23) HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM OF SEXUAL ABUSE OR SEXUAL OFFENSE AGAINST A CHILD. 
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse, sexual abuse, or any other offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
(b) In a criminal action, the defendant shall be notified no later than 10 days before trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the child's statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.
Russell argues that the statute allows only statements by the actual physical victim of the abuse and does not apply *942 to child witnesses of the abuse.[3] We disagree. The purpose of the statute is to protect victimized children "from emotional harm and trauma occasioned by judicial proceedings." See Chapter 85-53, Laws of Florida, setting forth the legislature's intent in adopting section 90.803(23). The legislature specifically recognized that "children are in need of special protection as victims or witnesses in the judicial system as a result of their age and vulnerability." [Emphasis added.] Id. Statements made by a child who witnessed sexual battery and aggravated child abuse and who otherwise meets the statutory criteria are not excepted from admissibility merely because this child was not the object of the attack. The witnessing child is a victim of the abuse as surely as is the child who physically suffered the abuse. The fact that a defendant is not charged with a criminal act against the witness victim is not relevant. A victim is a victim regardless of any charging document. No logical distinction can be drawn between types of victims for purposes of the statute. The facts of this case established that J. is a victim and his statements were properly admissible in Russell's trial. Alternatively, we find that the abuse of A. in the presence of J. constituted lewd and lascivious acts in J.'s presence. Accordingly, J. is a victim of lewd and lascivious acts committed in his presence and his statements are admissible under section 90.803(23).[4]
AFFIRMED.
W. SHARP, J., concurs.
DAUKSCH, J., concurs in conclusion only.
NOTES
[1] It was established that the "monster" referred to by J. was codefendant, Leonard Johnson. Johnson was tried and found guilty of capital sexual battery, aggravated sexual battery and aggravated child abuse.
[2] This statute was amended effective October 1, 1990 to make it applicable not only to victims of sexual abuse or sexual offenses, but also to victims of neglect. See Chapter 90-174, Laws of Florida.
[3] In defendant's answer brief, Russell attempts to raise, for the first time, an issue regarding the sufficiency of the trial court's findings which are required under section 90.803(23). Defense counsel did not object below to the sufficiency thereof and will not now be heard to argue this point. See Stone v. State, 547 So.2d 657 (Fla. 2d DCA 1989).
[4] See Ehrhardt, Florida Evidence § 803.23(a) (2d ed.) Supp. 1989. Ehrhardt states that the inclusion in the statute of the language "performed in the presence of" was intended to make section 90.803(23)(a) applicable to lewd and lascivious acts where not touching occurred. We note that Ehrhardt also posits that the exception does not apply to witnesses to the abuse; however, we disagree for the reasons set out above.