581 So.2d 922 (1991)
Michael W. GAITHER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-03271.
District Court of Appeal of Florida, Second District.
June 7, 1991.
*923 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Michael W. Gaither appeals his convictions for three counts of sexual battery on a child under the age of twelve and two counts of lewd and lascivious behavior. §§ 794.011(2), 800.04, Fla. Stat. (1985). We reverse and remand for a new trial because the trial court permitted the state to use videotaped testimony of the child victim in lieu of live testimony without first making a finding of a substantial likelihood that the child would suffer at least moderate emotional or mental harm if she were required to testify at trial, as required by section 92.53(1), Florida Statutes (1985). Additionally, the trial court erred in failing to make the case-specific findings of fact required by section 92.53(7), Florida Statutes (1985). See Leggett v. State, 565 So.2d 315 (Fla. 1990); see also Maryland v. Craig, ___ U.S. ___, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990); Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988).
The defendant allegedly committed the offenses against his stepdaughter between December 1985 and June 1986, when the child was seven years old. After the child had been removed to a foster home, she revealed the incidents to her foster mother. As a result, the state filed an information in early 1987. In August 1987, when the child was almost nine years old, the state moved pursuant to section 92.53, Florida Statutes (1985), to present videotaped testimony of the child at trial in lieu of live testimony.
On August 27, 1987, the trial court held an evidentiary hearing on the state's motion. At the onset of the hearing, defense counsel objected to the use of videotaped testimony unless the state proved the elements required for the findings described in section 92.53. The state's only evidence supporting its motion was the testimony of the child's guardian ad litem. The guardian had two years' experience as a guardian ad litem for sexually abused children. Her formal training is not disclosed. She had never seen any of her wards testify in open court, but had attended their depositions.
*924 The guardian ad litem had seen this child approximately a dozen times over a span of six months and had attended the state's deposition of the child. She believed the child experienced emotional trauma at the deposition.[1] The guardian, however, did not express a personal opinion concerning the child's possible emotional or mental harm if the child were to testify in the presence of the defendant. Instead, the guardian relayed, as hearsay, an opinion given by the child's therapist. The guardian testified that the therapist believed "that the video taping of the testimony of the child would be much more beneficial and less harmful to the child."
Based on this evidence and after a renewed objection by defense counsel, the trial court simply ruled that "the motion is granted." The trial court did not make the finding required by section 92.53(1) "that there is a substantial likelihood that [the child] would suffer at least moderate emotional or mental harm if [she] were required to testify in open court." The trial court also failed to "make specific findings of fact, on the record, as to the basis for its ruling." § 92.53(7), Fla. Stat. (1985). From the record, it does not appear that either defense counsel or the assistant state attorney ever expressly requested the trial court to make the specific findings of fact required by section 92.53(7).
At the trial in October 1987, the state played the videotape to the jury and the child did not otherwise testify. The defendant was convicted of the charges based primarily on the videotaped testimony and hearsay statements introduced pursuant to section 90.803(23), Florida Statutes (1985).
Although the defendant raises several issues on appeal, we reverse his convictions based solely upon the improper use of the videotaped testimony.[2] The trial court's failure to make the finding required by section 92.53(1), Florida Statutes (1985), is reversible error. Craig; Coy; Leggett.[3] As in Leggett, we cannot excuse the trial court's failure to use the "magic words," because it is not clear that the trial judge employed the proper standard. Leggett, 565 So.2d at 318. The finding under section 92.53(1) is not merely a technical requirement. Instead, it is necessary to insure the constitutionality of the statute. Leggett. The objection by defense counsel at the conclusion of the evidentiary hearing, although somewhat general, is sufficient to preserve for appeal the omission of the section 92.53(1) finding.
The trial court's failure to make the case-specific findings of fact on the record as required under section 92.53(7) is also error. We find that the defendant's objections, however, were not sufficient to preserve this issue. Because we have determined that it was reversible error to omit the finding under 92.53(1), we do not need to determine whether the omission of case-specific findings under section 92.53(7) is fundamental error. Nevertheless, we note that such findings may be the "individualized findings" necessary to insure the statute's constitutionality. See Coy v. Iowa, 487 U.S. 1012, *925 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988); Leggett. The findings are not required merely to satisfy an evidentiary rule. Compare Stone v. State, 547 So.2d 657 (Fla. 2d DCA 1989) (the omission of the findings required to introduce hearsay testimony under section 90.803(23)(c), Florida Statutes (1987) (is not fundamental error, at least in a case in which the child testified at trial)) with Sanders v. State, 568 So.2d 1014 (Fla. 3d DCA 1990) ((alleged violation of section 92.54(5), Florida Statutes (1989), is not fundamental error)). See also Idaho v. Wright, ___ U.S. ___, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). Thus, the state would be well advised to see that the trial court makes such specific findings before it uses videotaped testimony or closed circuit televisions at trial.
On remand, the trial court is authorized to conduct a new evidentiary hearing on any motion to use videotaped testimony and to order a new videotaped proceeding, if that is appropriate under the evidence presented at the hearing.
Reversed and remanded.
SCHEB, A.C.J., and HALL, J., concur.
NOTES
[1] We note that the defendant was not present at the deposition. Thus, whatever trauma the child suffered, it was not caused by the presence of the defendant. We emphasize this because the Confrontation Clause requires that:

The trial court must also find that the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant. Denial of face-to-face confrontation is not needed to further the state interest in protecting the child witness from trauma unless it is the presence of the defendant that causes the trauma. In other words, if the state interest were merely the interest in protecting child witnesses from courtroom trauma generally, denial of face-to-face confrontation would be unnecessary because the child could be permitted to testify in less intimidating surroundings, albeit with the defendant present.
Maryland v. Craig, ___ U.S. ___, ___, 110 S.Ct. 3157, 3169, 111 L.Ed.2d 666, 685 (1990) (citations omitted).
[2] In light of our holding, we do not determine whether the guardian's testimony was sufficient to authorize the videotaped testimony. Cf. Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988) (testimony of guardian ad litem insufficient to support finding).
[3] We note that the trial judge and the trial attorneys did not have the benefit of Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), and the precedents which have been rendered since Coy.