GOSHORN, Chief Judge.
The parents of J.R. and R.R. appeal the final order finding their children dependent. We reverse.
This case turns on whether or not certain hearsay statements alleged to have been made by J.R. and R.R. were properly admitted [1] pursuant to section 90.803(23), Florida Statutes (1989). The statute provides for the admission of out of court statements by a child victim of sexual abuse under certain circumstances providing that:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child’s participation in the trial or proceeding would result in a substantia] likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
* * * * * *
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.
Although the appellee has not appeared or otherwise assisted us by filing a brief, it is obvious that the order providing for the admission of J.R. and R.R.’s hearsay statements which was prepared by HRS fails to make the findings required by the statute.
REVERSED and REMANDED for new adjudicatory hearing.
DAUKSCH and W. SHARP, JJ., concur.

. The adjudicatory hearing was conducted by a predecessor judge.