GRIFFIN, Judge,
concurring specially, in result only.
I agree with Judges Cobb and Sharp that Townsend I was correctly decided and that the threshold requirement of section 90.-803(23)(a)(l) meets the constitutional test of Idaho v. Wright, 497 U.S. 805, 819-20, 110 S.Ct. 3139, 3149, 111 L.Ed.2d 638 (1990).
In the present case, after remand in Townsend I, the issue of reliability was vigorously litigated. As required by section 90.803(23)(b), the state identified to the defendant each statement it intended to offer under the statute, when each statement was made and the circumstances surrounding each statement that indicated reliability. Defendant’s written response to the state’s submission argued only that the *541 “staggering frequency” of the child’s utterances made the statements suspect, as though the child were being coached to make the statements.
An extensive hearing was thereafter held on the reliability issue.[1] Some months later, the trial judge entered his ruling in open court, announcing as to each statement whether each would, or would not, be admitted, but the court made no “specific” findings as required by section 90.-803(23)(c). The court merely announced a conclusory finding that the time, content and circumstances of the statements provided sufficient safeguards of reliability. No objection was made at that time concerning the lack of adequate detail in the court’s findings, however, and at trial these statements came into evidence without objection. On appeal, for the first time, appellant contends the trial court reversibly erred in failing to make “specific findings of fact, on the record as to the basis for its ruling on each of the hearsay statements.”
There appears to be no clear answer as yet whether the lack of required findings in an order under 90.803(23)(c) will support reversal absent some objection below to the deficiency in the order. In Gaither v. State, 581 So.2d 922, 923-924 (Fla. 2d DCA 1991), the court was able to avoid the issue while suggesting such findings may be constitutionally required. In Russell v. State, 572 So.2d 940, 942 n. 3 (Fla. 5th DCA 1990), rev. denied, 583 So.2d 1036 (Fla.1991), this court said the failure to object to the lack of such findings would prevent review on appeal. Compare Rowan v. Dep’t. of HRS, 588 So.2d 1018 (Fla. 5th DCA 1991).
It appears that, unless such findings are constitutionally required, the failure to object to the lack of findings will not permit appellate review. In State v. Rhoden, 448 So.2d 1013, 1016 (Fla.1984), the supreme court explained that errors such as the lack of proper findings must be preserved by objection if they arise during trial:
The contemporaneous objection rule, which the state seeks to apply here to prevent respondent from seeking review of his sentence, was fashioned primarily for use in trial proceedings. The rule is intended to give trial judges an opportunity to address objections made by counsel in trial proceedings and correct errors. The rule prohibits trial counsel from deliberately allowing known errors to go uncorrected as a defense tactic and as a hedge to provide a defendant with a second trial if the first trial decision is adverse to the defendant. The primary purpose of the contemporaneous objection rule is to ensure that objections are made when the recollections of witnesses are freshest and not years later in a subsequent trial or a post-conviction relief proceeding. [Citations omitted.]
This is a valuable rule and its erosion through expansion of the concept of fundamental error is troubling. Nevertheless, it appears that, given the presumption of inadmissibility accorded accusatory hearsay statements not admitted pursuant to a firmly rooted hearsay exception, Wright, 497 U.S. at 825-26, 110 S.Ct. at 3152, the trial court is required to specifically articulate its basis for its reliability conclusion in order to insure that the defendant’s right of confrontation is not violated. This is especially true since the Florida Supreme Court noted in Pardo v. State, 596 So.2d 665, 668 (Fla.1992) that the admissible quantity and quality of this often very powerful evidence is to be determined by weighing the reliability and probative value of the child’s hearsay statements against the danger of unfair prejudice or confusion. Because the required findings were not made, this matter should be remanded for proper findings and a new trial.

. The hearing was held approximately two months after issuance of the Wright decision.