639 So.2d 125 (1994)
Lark O'Sean DUPREE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2709.
District Court of Appeal of Florida, First District.
June 29, 1994.
Nancy A. Daniels, Public Defender, David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Marilyn McFadden, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
BENTON, Judge.
We are asked to consider the scope of a "nontraditional" exception to the rule under which hearsay is excludable from evidence. We conclude that, if "the declarant child" does not report himself a victim of the child abuse or neglect which is recounted in the out-of-court declaration, section 90.803(23), Florida Statutes (1993), does not authorize the admission of testimony reciting the child's assertion, as the equivalent of testimony to the fact asserted.
*126 The first time Lark O'Sean Dupree stood trial on charges he had murdered two-year-old Jirishua, the daughter of Beatrice Thompson, the jury hung. Dupree's retrial culminated in the first degree murder conviction now on appeal. We reverse and remand for a new trial because we are not convinced beyond a reasonable doubt that hearsay erroneously allowed in evidence did not affect the verdict.
Before the first trial, the prosecution supplied the requisite ten days' notice of intention to rely on section 90.803(23), Florida Statutes (1993), with regard to four witnesses. § 90.803(23)(b), Fla. Stat. (1993). When the defense objected to all four witnesses' hearsay statements, an evidentiary hearing took place, as contemplated by section 90.803(23)(a)(1), Florida Statutes (1993), after which the court overruled all defense objections.
Before the retrial, the trial court allowed a standing objection which explicitly persisted through the second trial:
MR. PLOTKIN: Briefly, before the last trial  the trial the jury is not supposed to know about  we had a hearsay hearing and the Court made some rulings on the record.
And if you recall I believe you made some rulings at the initial hearing, and then I think we came in the next morning and you supplemented the record somewhat with the statutory criteria and found that it was reliable and cited some of the criteria from the statute.
Not being sure how this works on appeal, if we're fortunate enough to win this case if all of that goes up, I would just ask the Court if its findings both at the hearing and the supplemental part still apply?
THE COURT: That would be my intention.
MR. ANDUX: Judge, I would, of course, be  I don't know what they are doing. Apparently, they are looking to put on one of these witnesses at this point.
If that is the case, I want to renew all of my objections made at the hearsay hearing.
THE COURT: I just 
MR. ANDUX: Subsequent to that time, I want to make sure that I renew all of that. If it comes in, I think it should be a mistrial. I want to make the objections now.
I just want to know if you want a standing objection or make me bring that back up when she testifies.
THE COURT: No, I think that the hearing that we had prior to the first trial was a pretrial hearing for purpose of this trial.
All arguments raised during it, all objections raised during it, all rulings at the conclusion of it and all motions for mistrial based on the admission of any evidence as a result of those things should still stand, as if the first trial never existed. That was the pretrial hearing for this trial.
MR. ANDUX: I am real leery about losing that appellate argument.
THE COURT: I understand. I will put on the record that my intent was that no objection was waived, to any part prior to or during the first part would be waived because you didn't move for a mistrial, again, during this standing objection.
Defense counsel objected specifically on grounds that the exception did not apply to a declarant who was not a victim. The issue is preserved for appellate consideration. Cf. State v. Townsend, 635 So.2d 949, 950 (Fla. 1994) (holding pretrial motion preserved hearsay objection to statement offered under section 90.803(23), Florida Statutes).
At both trials, Ms. Thompson testified that no harm befell Jirishua on September 21, 1992, while she was at the apartment she shared with appellant, Jirishua, and her six-year-old son, Joshua Tunsill. The children were evidently alone[1] with appellant when *127 Jirishua sustained the injuries which resulted in her death the following day.
On retrial, in response to counsel's questions, Joshua Tunsill testified under oath to the effect that appellant bumped Jirishua's head "to the wall," that he might have brushed her head against the middle of the door, and that she fell in the bathtub "[b]ut Lark didn't push her." He also testified that Jirishua never cried. A confusing cross-examination[2] came to an end shortly after Joshua announced he was sleepy.
Several adult witnesses testified on much lengthier direct examination concerning things Joshua reportedly said about events on September 21, 1992. More articulate than Joshua, they gave particulars not elicited from Joshua himself. In addition to the standing objection to all hearsay renditions of Joshua's out-of-court statements,[3] defense counsel objected specifically to Alice Wong's testifying in the jury's presence to statements she overheard (with the help of an audio system) Joshua Tunstill make in an adjoining room, as she watched (through a one-way mirror) another HRS employee interview Joshua.
There are constitutional restrictions on the use in criminal prosecutions of hearsay exceptions other than those "firmly rooted" in our jurisprudence. Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990) (Sixth Amendment); State v. Townsend, 635 So.2d 949, 951 (Fla. 1994) (article I, section 16 of the Florida Constitution). Section 90.803(23), Florida Statutes (1993), itself requires that
before a statement may be admitted under the statute, the trial court must conduct a hearing outside the presence of the jury and must find that "the time, content, and circumstances of the statement provide sufficient safeguards of reliability." § 90.803(23)(a)1. The statute provides a nonexhaustive list of factors that the court may consider in making its determination of reliability, including "the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate." Id. The statute further requires the court to "make specific findings of fact, on the record, as to the basis for its ruling under this subsection." § 90.803(23)(c).
Feller v. State, 637 So.2d 911, 915-16 (Fla. 1994). Trial counsel's hearsay objection necessitated the trial court's making the findings required by section 90.803(23)(c), Florida Statutes, and preserved the issue for appellate consideration.[4]
*128 "Section 90.803(23), Florida Statutes (1989), creates a limited exception to the hearsay rule for reliable statements of child victims, eleven years or younger, which describe an act of child or sexual abuse." Feller v. State, 637 So.2d 911 (Fla. 1994) (emphasis supplied). No Florida appellate decision we have discovered has expanded this statutory exception to the hearsay exclusion rule to authorize admission of testimony reciting an out-of court statement by a non-victim witness in a case "involv[ing] non-sexual child abuse." Childress v. State, 543 So.2d 413, 415 (Fla. 1st DCA 1989) (holding "that the trial court erred in allowing into evidence the hearsay statements of a four-year-old witness to the alleged child abuse").[5]
No decision of the United States Supreme Court has upheld the use of a child's out-of-court statement in circumstances like these. While the Court has subscribed to the proposition that
[o]ut-of-court statements made by children regarding sexual abuse arise in a variety of circumstances, and we do not believe the Constitution imposes a fixed set of procedural prerequisites to the admission of such statements at trial,
Idaho v. Wright, 497 U.S. 805, 817, 110 S.Ct. 3139, 3148, 111 L.Ed.2d 638 (1990) (emphasis supplied), the Court has held that where, as here, "hearsay statements do not fall within a firmly rooted hearsay exception, they are `presumptively unreliable and inadmissible for Confrontation Clause purposes,' Lee [v. Illinois], 476 U.S. 530 at 543 [106 S.Ct. 2056, 2063, 90 L.Ed.2d 514]" Id.
We find it unnecessary to reach any constitutional question in the present case, but we believe that the statute is properly construed against this constitutional backdrop. We cannot perceive, moreover, any reason for giving precedence to statements made out of court by children who reportedly witness violent crimes over such statements made by adults. After all, adults may be better able to articulate perceptions better informed, in the first place, by greater experience.
REVERSED and REMANDED.
BARFIELD, J., and JORGENSEN, Associate Judge, concur.
NOTES
[1] Ms. Thompson testified that she left the apartment for 45 minutes that morning; that appellant told her on her return that he had needed to give Jirishua cardiopulmonary resuscitation, and that he had done so; that she picked Jirishua up, hugged her, and perceived no difficulty the child had breathing; that she saw no bruises then; that Jirishua seemed all right except for vomiting and diarrhea, and slept off and on the rest of the day till Ms. Thompson again left the apartment that evening, stepping out for four or five minutes; but that, when she returned, Jirishua, although she "came to," would not respond when spoken to, and that Ms. Thompson then called 911 for help. Medical testimony that Jirishua suffered a skull fracture was uncontroverted.
[2] E.g.:

Q [by defense counsel] Do you remember coming to this courtroom about a month ago [for the first trial] ...?
A Yeah.
Q Do you remember then saying that the only thing that you remembered was Lark's hitting the child's  Jirishua's head against the middle of the door one time?
A Yeah.
Q You don't remember that?
A No.
T. 1150.
[3] We reject appellee's argument that cross-examination concerning testimony received over objection waives the objection. "It is a general rule that a party does not waive his previous objection to the admission of improper, illegal or incompetent evidence merely by cross-examining the witness with relation to the objectionable matter." Louette v. State, 152 Fla. 495, 12 So.2d 168, 174 (1943); Stripling v. State, 349 So.2d 187, 193 (Fla. 3rd DCA 1977).
[4] But appellate counsel, who was questioned on the point at oral argument, abandoned any contention that the findings were insufficient, insisting that no findings could justify expanding the scope of the exception. Because the trial court's findings that the time, content and circumstances of Joshua's statements gave sufficient reason to believe the statements reliable have not been challenged on appeal, we do not address the question of their sufficiency. See generally State v. Townsend, 635 So.2d 949 (Fla. 1994); Feller v. State, 637 So.2d 911 (Fla. 1994); Hopkins v. State, 632 So.2d 1372 (Fla. 1994).
[5] The Childress court also held, before the statute was amended by chapter 90-174, section 3, at 743, Laws of Florida, that hearsay statements even by a victim of non-sexual child abuse were inadmissible. Decided after the amendment, Russell v. State, 572 So.2d 940 (Fla. 5th DCA 1990), may be read for the proposition that the statute does not distinguish between child witnesses and child victims, but it is best understood as holding that, where sexual abuse occurs in a child's presence, the "witnessing child is a victim of the abuse as surely as is the child who physically suffered the abuse." Russell v. State, 572 So.2d 940, 942 (Fla. 5th DCA 1990). Since the present case does not require decision of this question, we express no opinion.