652 So.2d 437 (1995)
Larry Scott ARNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1990.
District Court of Appeal of Florida, First District.
March 17, 1995.
Rehearing Denied April 20, 1995.
Nancy A. Daniels, Public Defender; Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
WEBSTER, Judge.
In this direct criminal appeal, appellant challenges his convictions, after a jury trial, for one count of aggravated child abuse and one count of child abuse. Although he presents a number of issues, we find that only two merit discussion  whether the trial court erred by admitting out-of-court statements attributed to the alleged child victim without making the findings required by section *438 90.803(23) of the Florida Evidence Code; and whether the trial court erred by admitting out-of-court statements attributed to a non-victim child witness. The state acknowledges that, in light of decisions rendered after the trial, admitting the out-of-court statements attributed to the alleged child victim and to the non-victim child witness constituted error. However, it argues that such errors were harmless. We are unable to conclude that the errors could not have had any effect upon the verdict. Accordingly, we are constrained to reverse.
Appellant was charged with beating the child, Annie,[*] on two occasions, separated by four to five days. At the time that her testimony was videotaped for use at trial, Annie was 4 years old. Over objection, the trial court also allowed into evidence statements which had allegedly been made by Annie shortly after the second alleged beating (and some four months before her trial testimony was videotaped) to a member of the child protection team and to a police detective. Annie's trial testimony might best be described as uncommunicative, consisting principally of either head-shaking or no response whatsoever. This was particularly true with regard to cross-examination. The alleged out-of-court statements were generally consistent with the answers Annie did give at trial. However, the statements attributed to Annie were significantly more detailed regarding the specifics of the two alleged beatings than was her trial testimony. This was especially true with regard to the statements allegedly made to the member of the child protection team.
The trial court also allowed into evidence, over objection, statements which had allegedly been made by Stevie, the non-victim child witness, to an investigator with the Department of Health and Rehabilitative Services. At the time of his trial testimony, Stevie was 8 years old. The statements attributed to him by the investigator had allegedly been made shortly after the alleged beatings of Annie (some four months before the trial). The statements were almost perfectly consistent with Stevie's trial testimony.
The state concedes, correctly, that the findings made by the trial court in support of its decision to admit the alleged out-of-court statements of Annie were insufficient to meet the requirements of section 90.803(23) of the Florida Evidence Code, as those requirements have since been construed in Hopkins v. State, 632 So.2d 1372 (Fla. 1994), and State v. Townsend, 635 So.2d 949 (Fla. 1994). The state further concedes, again correctly, that in light of our subsequent decision in Dupree v. State, 639 So.2d 125 (Fla. 1st DCA), review granted, 648 So.2d 724 (Fla. 1994), it was error to admit the alleged out-of-court statements of Stevie, the non-victim child witness. However, the state argues that, notwithstanding these errors, we should affirm because the errors were harmless.
We agree with the state that, pursuant to Hopkins, admission of the alleged out-of-court statements is subject to a harmless error analysis. However, we are unable to agree that the errors qualify as harmless when that analysis is applied.
As the court explained in State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986):
Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
We have carefully reviewed the entire record in this case. Having done so, we are unable to "say beyond a reasonable doubt that the error[s] did not affect the verdict." While it is true that there was other evidence presented to corroborate the children's trial testimony, we believe that the improperly admitted out-of-court statements might well *439 have had a significant reinforcing effect in the minds of the jury regarding the children's credibility. Moreover, the out-of-court statements attributed to Annie were much more detailed than was Annie's trial testimony. Given the largely uncommunicative nature of Annie's trial testimony, the jury might well have given considerable weight to the alleged out-of-court statements, supposedly made only days after the alleged beatings. Of course, we are unable to divine what was in the jurors' minds when they rendered their verdict, or how much weight they attributed to the alleged out-of-court statements. It is precisely for this reason that we are unable to conclude that the errors were harmless.
We dismiss without discussion, for lack of merit, the other issues raised by appellant. However, for the reasons discussed, we conclude that we must reverse appellant's convictions, and remand with directions that a new trial be held.
REVERSED and REMANDED, with directions.
BENTON, J., concurs.
MINER, J., dissents with written opinion.
MINER, Judge, dissenting.
While I agree that the hearsay statements of the child victim and the non-victim child witness in this case were erroneously admitted below, I believe such errors were harmless beyond a reasonable doubt and would therefore affirm appellant's convictions.
The beatings of the 4-year old child victim, "Annie", for which appellant was convicted, occurred on January 21 and 25 of 1993. The beating of January 25th was the more serious of the two. "Annie's" hearsay statements were made to a law enforcement officer and to a member of the Child Protection Team. The error involved in their admission into evidence was that the trial court failed to make specific findings concerning the reliability of such statements as required by section 90.803(23), Florida Statutes.
Of critical importance to a harmless error analysis (see Hopkins v. State, 632 So.2d 1372 (Fla. 1994)) of the erroneous admission of these statements is the fact that they related only to the "major" beating administered on January 25. The child related nothing of the January 21 beating. She testified and was subject to cross-examination concerning the offense of January 25 and, additionally, the record contains the eyewitness testimony of the child's mother who witnessed the beating as well as medical testimony from the doctor who examined "Annie" that day and concluded that her injuries were the result of child abuse.
The hearsay statement made by the non-victim child, appellant's 8-year old son, "Stevie", to an HRS investigator, was erroneously admitted because the hearsay exception in section 90.803(23) is limited to child victims. Dupree v. State, 639 So.2d 125 (Fla. 1st DCA 1994). However, "Stevie's" hearsay statement was even less harmful to appellant than were "Annie's" hearsay statements. He testified at trial and established that the appellant was responsible for the January 21 beating of "Annie". His trial testimony was more detailed than the statement he gave to and which was related to the jury by the HRS investigator. "Stevie" testified at trial that he saw and heard appellant in his bedroom (which he shared with "Annie") on the night of January 21 and heard "Annie" being beaten. Aside from its minimal impact, "Stevie's" hearsay statement was supported by the doctor who treated "Annie" on the 25th and whose testimony refuted appellant's claim that she had been injured as the result of a fall.
NOTES
[*] This name and the name of the non-victim child witness are both fictitious. They are used in an effort to ensure anonymity.