656 So.2d 430 (1995)
STATE of Florida, Petitioner,
v.
Lark O'Sean DUPREE, Respondent.
No. 84106.
Supreme Court of Florida.
April 13, 1995.
Rehearing Denied June 23, 1995.
*431 Robert A. Butterworth, Atty. Gen., James W. Rogers, Sr. Asst. Atty. Gen. and A. Jay Plotkin, Asst. State Atty., Jacksonville, for petitioner.
Nancy A. Daniels, Public Defender and David P. Gauldin, Asst. Public Defender, Tallahassee, for respondent.
WELLS, Justice.
We have for review Dupree v. State, 639 So.2d 125 (Fla. 1st DCA 1994), which expressly and directly conflicts with the opinion in Russell v. State, 572 So.2d 940 (Fla. 5th DCA 1990). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the district court's decision in Dupree and disapprove the decision of the Russell court to the extent it conflicts with our instant decision.
Dupree was indicted for the first-degree murder of two-year-old Jirisha Thompson. The first time Dupree stood trial, a mistrial was declared because the jury could not reach a verdict. The retrial resulted in a conviction of first-degree murder. Prior to the first trial, the State supplied the requisite ten days' notice of intention to rely on section 90.803(23), Florida Statutes (1993), with regard to certain witnesses' testimony relating to previous statements made by the two-year-old murder victim's six-year-old brother, Joshua Turnsill, concerning the crime. The defense objected to the witnesses' hearsay statements on the grounds that the exception did not apply to a declarant who was not the victim of the crime which was the subject of the prosecution. An evidentiary hearing took place, and the trial court ruled that the hearsay exception criteria had been met and the evidence was admissible.
At retrial, Joshua testified under oath that he had seen the defendant bump the victim's head "to the wall," that he might have brushed her head against the middle of the door, and that she fell in the bathtub, "[b]ut Lark didn't push her." Several adult witnesses testified as to what Joshua told the Department of Health and Rehabilitative Services (HRS) investigator during an interview regarding the events leading up to the victim's death. The interview was observed by these witnesses through a two-way mirror with the help of an audio system. Defense counsel objected to all hearsay renditions of Joshua's out-of-court statements to the HRS investigator. On appeal, the district court reversed the conviction and held that the hearsay exception was not applicable to the child's statements because the child was not the victim of the charged offense.
In Russell v. State, 572 So.2d 940 (Fla. 5th DCA 1990), the district court reached the opposite conclusion in deciding that "[s]tatements made by a child who witnessed sexual battery and aggravated child abuse and who otherwise meets the statutory criteria are not excepted from admissibility merely because this child was not the object of the attack." Id. at 942. The Fifth District reasoned that "[a] victim is a victim regardless of any charging document." Id. We do not read this hearsay exception contained in section 90.803(23) that broadly.[1]
Rather, we approve the First District's decision in this case based upon the principle enunciated by the United States Supreme Court that where, as here, "hearsay statements do not fall within a firmly rooted hearsay exception, they are `presumptively unreliable and inadmissible for Confrontation Clause purposes,' Lee [v. Illinois], 476 U.S. 530 at 543, 106 S.Ct. [2056] at 2063 [90 L.Ed.2d 514]." Idaho v. Wright, 497 U.S. 805, 818, 110 S.Ct. 3139, 3148, 111 L.Ed.2d 638 (1990).
*432 As explained in this Court's decision in Feller v. State, 637 So.2d 911 (Fla. 1994), "[s]ection 90.803(23), Florida Statutes (1989), creates a limited exception to the hearsay rule for reliable statements of child victims, eleven years or younger, which describe an act of child or sexual abuse." Id. at 915 (emphasis added). While we agree that a child can be abused by what the child witnesses, and thereby be a child victim, see Charles W. Ehrhardt, Florida Evidence § 803.23 (1994 ed.), for hearsay statements of the child to be admissible under section 90.803(23), the prosecution of the defendant must be based upon the victimization of the child whose statements are being related. We disapprove the decision in Russell that would expand this hearsay exception.
The State further attempts to raise the issue of hearsay admissibility under section 90.801(2)(b), Florida Statutes (1993). However, this issue was not previously raised at the trial court or the district court and thus, is not properly before us.
Accordingly, we approve the district court's decision and remand the cause for proceedings consistent with the decision herein.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] Section 90.803(23), Florida Statutes (1993), is entitled: "HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM."