WOLF, J.
Moore challenges a final judgment and sentence based upon his conviction for lewd and lascivious conduct with a minor child. Appellant asserts that he was denied due process of law and the right to confront his accusers when the court allowed the state to introduce hearsay statements at trial without first making case-specific findings that the statements were made under circumstances that indicated they were reliable. We agree and reverse.
The trial court entered a written order pursuant to section 90.803(23), Florida Statutes (1993), allowing for admission of hearsay statements of the victim. The written order simply mirrors the language of the statute rather than making case-specific findings. Pursuant to this order, hearsay statements made by the victim to her mother and a member of the child protection team were admitted into evidence.
We hold (1) that appellant properly preserved the objection for appeal, Hopkins v. State, 632 So.2d 1372 (Fla.1994); (2) that the trial court failed to make case-specific findings justifying admission of the hearsay statements, id. at 1377; and (3) we cannot say beyond a reasonable doubt that the admission of the hearsay statements did not affect the verdict. Arney v. State, 652 So.2d 437 (Fla. 1st DCA 1995).
Reversed and remanded for a new trial.
JOANOS and WEBSTER, JJ., concur.