701 So.2d 891 (1997)
Robert Charles THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4001.
District Court of Appeal of Florida, First District.
November 5, 1997.
Nancy A. Daniels, Public Defender; Paula S. Saunders, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
WEBSTER, Judge.
Appellant seeks review of his convictions, following a jury trial, for attempted second degree murder and possession of a weapon by a state prisoner. Because a state witness was allowed to testify, over appellant's timely objection, that appellant was housed in a wing of the prison reserved for "more violent inmates," we reverse, and remand for a new trial.
Appellant, an inmate at Florida State Prison, was charged with attempted first-degree *892 murder, possession of a weapon by a state prisoner and possession of a concealed weapon by a convicted felon. The state's theory was that appellant had attacked a fellow inmate in the exercise yard with a weapon made by fastening a razor blade to the handle of a toothbrush. Appellant's defense was that the alleged victim had been the aggressor, attempting to wound him with the weapon, and that he had acted in self-defense. Over a timely objection by appellant's attorney, the state's first witness, a prison guard, was permitted to testify that appellant was housed in a wing of the prison reserved for the "more violent inmates." The incriminating evidence presented by the state consisted principally of testimony by three guards that appellant had been in possession of the weapon from the outset, and was the aggressor. Appellant's defense consisted of testimony by him and three other inmates that the alleged victim had been the aggressor, and had possessed the weapon at the outset of the encounter, and that appellant had merely tried to defend himself against an unprovoked attack. The alleged victim refused to testify. The jury found appellant guilty of possession of a weapon by a state prisoner, as charged, and of the lesser offense of attempted second-degree murder; and not guilty of possession of a concealed weapon by a convicted felon. This appeal follows.
Appellant makes the same arguments that he made to the trial courtthat the testimony that he was housed in a wing of the prison reserved for the "more violent inmates" was not relevant to any issue in the case, and that it was highly prejudicial because its effect was to portray him as a particularly violent individual, more likely to commit the acts with which he had been charged. The state responds (1) that, although appellant had timely objected to the testimony and asked for a mistrial, the issue is not preserved because he did not also move to strike the testimony and request a curative instruction; (2) that the evidence was relevant because it tended to prove that appellant had concealed the weapon; and (3) that, because the jury heard that the alleged victim was housed in the same wing, any error was harmless.
The state does not contend either that appellant's objection to the testimony was untimely or that it was not specific enough to apprise the trial judge of its basis. It argues that, notwithstanding the objection, the issue is not preserved for appeal because appellant did not also move to strike the testimony and request a curative instruction. This is simply not the law. Appellant's timely objection was sufficient to apprise the trial court of its basis. Once the trial court had overruled it, appellant was not required to do anything further to preserve the issue for appeal. Compare Simpson v. State, 418 So.2d 984 (Fla.1982) (when trial court overrules contemporaneous objection, defendant need do nothing further to preserve issue for appeal), with Wilson v. State, 436 So.2d 908 (Fla.1983) (when trial court sustains contemporaneous objection, defendant must take further action, including requesting curative instruction or mistrial, to preserve issue for appeal).
We agree with appellant that the testimony that he was housed in a wing of the prison reserved for the "more violent inmates" was prejudicial. Its natural impact would have been to imply that appellant was prone to resort to violence, and that he probably acted consistently with that propensity with regard to the incident in question, rather than in self-defense. The state contends that, although the testimony might have been somewhat prejudicial, it was also relevant, because it tended to prove that appellant had concealed the weapon, a necessary element of the charge of possession of a concealed weapon by a convicted felon. We are unable to follow the state's argument. On the contrary, it seems to us that the testimony was irrelevant to any issue in the case. Instead, it seems relatively clearly to have been intended to bear on appellant's propensity for violence. This is precisely the type of character evidence that section 90.404(1) of the Florida Evidence Code is intended to prohibit. Accordingly, we conclude that the admission of the testimony was error. See Bozeman v. State, 698 So.2d 629 (Fla. 4th DCA 1997) (permitting victim jail guard to testify over objection at trial on charges of battery on police officer and resisting officer with *893 violence that defendant was housed in jail division reserved for "maladjusted" and "violent" inmates required new trial because it constituted impermissible character evidence).
We are, likewise, unable to accept the state's argument that any error that might have occurred was harmless. Given the evidence that was properly admitted, we are unable to conclude that the testimony clearly suggesting that appellant was one of the "more violent inmates" at Florida State Prison could not reasonably have had any effect on the jury's consideration of appellant's self defense defense and, thereby, on the verdict. E.g., State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Arney v. State, 652 So.2d 437 (Fla. 1st DCA 1995). Accordingly, the state has failed to carry its burden on this issue.
Appellant's convictions are reversed, and the case is remanded to the trial court for a new trial.
REVERSED and REMANDED, with directions.
ALLEN, J., concurs.
MINER, J., dissents with written opinion.
MINER, Judge, dissenting.
While I can accept the majority's conclusion that it was error for the trial court to admit testimony from one of the State's witnesses below that the wing of Florida State Prison in which appellant was housed was reserved for "more violent inmates," under the facts of this case, I would find that such error was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Accordingly, I dissent.
At trial, appellant claimed he only acted in self-defense and the pivotal issue became whether appellant or the alleged victim was the aggressor in the incident that gave rise to this prosecution. Because both were housed in the "more violent inmate" section of the prison, I do not believe it can reasonably be said that the admission of the testimony which the majority finds reversibly harmful undermined appellant's defense in any way.
Any inference the jury might draw from the testimony in question respecting the appellant's propensity for violence would be equally applicable to the alleged victim. Indeed, given appellant's testimony that, before the incident in question, he had attained the privileged status of "trustee" or "runner" because of his having completed a substantial period of time without any prison rule infraction, it seems to me that his character was placed in a good deal more favorable light in the jury's eyes than was that of the alleged victim.